IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MICHAEL JOSEPH ROTONDO,

        Plaintiff,

  v.

BEST BUY STORES LLC,

        Defendant.

Civil Action No.
5:17-CV-0522 (DNH/DEP)

---

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

MICHAEL JOSEPH ROTONDO, *Pro se*
408 Weatheridge Drive
Camillus, NY 13031

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

This is an employment discrimination action brought by plaintiff Michael Joseph Rotondo against defendant Best Buy Stores LLC ("Best Buy") in which he asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* In a form complaint that

contains very few specifics, Rotondo alleges that Best Buy discriminated against him based on his sex by failing to grant certain scheduling requests and terminating his employment.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review pursuant to 28 U.S.C. § 1915(e). Based upon my consideration of those documents, I will grant plaintiff's request to proceed without prepayment of fees, but recommend that his complaint be dismissed with leave to replead.

I.  BACKGROUND

Plaintiff commenced this action on May 11, 2017. Dkt. No. 1. In his complaint, which was prepared on a form available for use in Title VII actions, Rotondo alleges that his employment with Best Buy was terminated and he was denied requested accommodations based upon his sex. *Id.* at 2. His complaint sets forth only the following factual allegations:

> 8(a).
> Because of a court ordered visitation, I was not available to work on Saturdays. Respondent refused to amend my work schedule to exclude Saturday's. [sic].
>
> 8(b).
> The Respondent agreed to allow myself to be unavailable for work on a holiday. In accordance with company policy, I could depend on this

> agreement. The Respondent subsequently reneged on this agreement, and pressured me into coming in to work on this holiday. I was reprimanded for not allowing myself to be pressured into coming in to work on this holiday.
>
> 8(c).
> The Respondent had entered into an agreement with me that I would be unavailable to work all Saturday's [sic] in perpetuity. This was a binding agreement in accordance with company policy. The Respondent pressured me into changing my work availability to include Saturday's. [sic].
>
> 8(d).
> I was no longer scheduled to work because I would not enter into agreement with the Respondent to change my work availability to include Saturday's. [sic].

*Id.* at 4-5. Plaintiff alleges that he filed an administrative complaint regarding his claims of discrimination against Best Buy with the Equal Employment Opportunity Commission ("EEOC") and that a notice of right-to-sue letter was generated by the EEOC on February 28, 2017. *Id.* at 7, 9.

Plaintiff's complaint was accompanied by a motion for leave to proceed without prepayment of fees or costs. Dkt. No. 2. In that application plaintiff alleges that he is not employed and has not received income from any sources during the past twelve months. Dkt. No. 2 at 1.

II. DISCUSSION

    A. Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[2]

    B. Sufficiency of Plaintiff's Complaint

        1. Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face

of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2. <u>Analysis</u>

Plaintiff's complaint alleges that defendant Best Buy discriminated against him based on his sex by denying his scheduling requests and then terminating his employment. Dkt. No. 1 at 2, 4-5, 6. To allege a *prima facie*

7

case of sex discrimination under Title VII, a plaintiff must plead facts plausibly suggesting that (1) he was within a protected class, (2) he was qualified for his position, (3) he was subject to an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of unlawful discrimination. *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009), *superseded by statute on other grounds as recognized by Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-09 (2d Cir. 2013). The Second Circuit has explained that "[t]he facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discrimination." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015).

    Plaintiff's complaint falls short of meeting the pleading requirements set forth above. Conspicuously lacking are any factual allegations giving rise to a plausible inference that the actions of Best Buy now complained of were based upon plaintiff's sex. Instead, plaintiff conclusorily alleges that Best Buy took adverse action against him because he is a male but offers no further allegations to support that accusation. Dkt. No. 1 at 2, 6. Because plaintiff has not set forth sufficient facts to demonstrate the

existence of a plausible claim of a sex-based discrimination in violation of Title VII, I recommend that his complaint be dismissed.[3]

C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of

---

[3] To the extent that plaintiff's complaint could be construed as asserting a breach of contract claim under New York State law against Best Buy based on allegations that Best Buy breached an agreement entered into between it and plaintiff, I recommend the court decline to exercise supplemental jurisdiction over the claim in light of my recommendation that the pendent federal claim be dismissed. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if. . . the district court has dismissed all claims over which it has original jurisdiction."). I note that there are no allegations in the complaint plausibly suggesting the court has diversity jurisdiction over the contract claim under 28 U.S.C. § 1332 because both plaintiff and defendant are alleged to be citizens of New York State. Dkt. No. 1 at 1; *see Herrick Co., Inc. v. SCS Commc'nts, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."). Accordingly, because the court lacks jurisdiction over any state-law contract claim that may be asserted in plaintiff's complaint, I recommend that it be dismissed.

action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

It is possible that with greater specifics, plaintiff could assert a cognizable cause of action that triggers the court's original, supplemental, or diversity jurisdiction. Accordingly, I recommend that leave to amend be granted. If plaintiff chooses to file an amended complaint, he should note that the law in this circuit provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-

1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. <u>SUMMARY, ORDER, AND RECOMMENDATION</u>

Having considered plaintiff's application for leave to proceed without prepayment of fees, I am satisfied that he qualifies for IFP status and therefore will grant his request. Based upon my review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), however, I conclude that it lacks sufficient facts plausibly alleging a cognizable claim of sex discrimination in violation of Title VII. Accordingly, it is hereby

11

ORDERED that plaintiff's motion to proceed in this action without prepayment of fees and costs, Dkt. No. 2, is GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint, Dkt. No. 1, be DISMISSED for failure to state a cognizable claim, but that plaintiff be granted leave to amend within thirty days of an order adopting this recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court is respectfully directed to serve a copy of this order, report, and recommendation on plaintiff in accordance with the court's local rules.

---

[4] If you are proceeding *pro se* and are served with this order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Dated: June 2, 2017
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge