UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL JOSEPH ROTONDO,

        Plaintiff,

-against-　　　　　　　　　　　　　　　Civil Case No. 5:17-CV-522 DNH/DEP

BEST BUY STORES, LLC,

        Defendant.

## MEMORANDUM OF LAW

                      CARTER, CONBOY, CASE, BLACKMORE,
                            MALONEY & LAIRD, P.C.
                      Attorneys for Defendant
                      Office and P.O. Address
                      20 Corporate Woods Boulevard
                      Albany, NY  12211-2362
                      Phone: (518) 465-3484

## TABLE OF CONTENTS

                                                                 Page

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................... 2

STATEMENT OF FACTS ................................................................................................ 2

STANDARD OF REVIEW ................................................................................................ 2

ARGUMENT .................................................................................................................... 3

    I.     DEFENDANT'S MOTION SHOULD BE GRANTED, AS PLAINTIFF HAS FAILED TO ESTABLISH THROUGH ADMISSIBLE EVIDENCE THAT HE WAS DISCRIMINATED AGAINST BASED UPON HIS SEX ......... 3

          a. Plaintiff has not established a prima facie case of intentional employment discrimination based upon sex against Best Buy ................. 4

          b. Defendant had a legitimate non-discriminatory reason for any adverse action taken against plaintiff ...................................................... 13

    II.    TO THE EXTENT THAT PLAINTIFF RAISES ANY ADDITIONAL CLAIMS IN OPPOISTION TO THOSE MOTIONS, CLAIMS RAISED FOR THE FIRST TIME IN OPPOSITION TO A MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE CONSIDERED BY THE COURT ................................................................................................................. 14

CONCLUSION ............................................................................................................... 10

# TABLE of AUTHORITIES

## Cases Cited

                **Page**

Adamczyk v. New York State Dep't of Corr. Servs., 2011 U.S. Dist. LEXIS 26361, At *5 (W.D.N.Y. 2011)..................................................................................................5

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).............................................2, 3

Barella v. Vill. of Freeport, 16 F. Supp. 3d 144, 159 (E.D.N.Y. 2014)..............................4, 5

Board of Trustees of Keene State College v. Sweeney, 429 U.S. 24, 25 n.2 (1978)...........4

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).........................................................2

Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994)..........................10

Community Affairs v. Burdine, 450 U.S. 248, 254 (1981)...............................................4

Cully v. Milliman & Robertson, Inc., 20 F. Supp. 2d 636, 641 (S.D.N.Y. 1998)................4

Cunliffe v. Sikorsky Aircraft Corp., 9 F. Supp. 2d 125 (D. Conn. 1998).............................5

De la Cruz v. N.Y. City Human Res. Admin. Dep't of Social Servs., 82 F.3d 16, 20 (2d Cir. 1996)..................................................................................................................6

Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223-1224 (2d Cir. 1994)..............3

Lang v. Retirement Living Pub. Co., 949 F.2d 576, 580 (2d Cir. 1991).............................2

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).....................................3, 4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (2d Cir. 1983).....2, 3

Memisevich v. St. Elizabeth's Med. Cty., 443 F. Supp. 2d 276, 286 (N.D.N.Y. 2006).......10

Murray v. U.S. Dep't of Justice, FBI, 821 F. Supp. 94, 102 (E.D.N.Y. 1993), aff'd, 14 F.3d 591 (2d Cir. 1993)..............................................................................................3

Olenick v. New York Telephone, 881 F. Supp. 113, 114 (S.D.N.Y. 1995)......................5, 6

Parker v. Baltimore & O.R. Co., 209 U.S. App. D.C. 215 (D.C. 1981)..............................5

Powell v. Syracuse Univ., 580 F.2d 1150, 1155 (2d Cir. 1978).........................................6

Seils v. Rochester City Sch. Dist., 192 F. Supp. 2d 100 (W.D.N.Y. 2002) ........................... 5

Shah v. Helen Hayes Hosp., 252 F. App'x 364, 366 (2d Cir. 2007) ................................... 14

St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993) ..................................................... 4

Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990) ....................................................... 2

Thornley v. Penton Publ'g, Inc., 104 F.3d 26, 29 (2d Cir. 1997) ........................................... 6

Ticali v. Roman Catholic Diocese of Brooklyn, 41 F. Supp. 2d 249, 260-262 (E.D.N.Y. 1999) ..................................................................................................................... 5

Wright v. Ernst & Young, LLP, 152 F.3d 169, 178 (2d Cir. 1998) ....................................... 15

## Statutes

Fed. R. Civ. P. 56 ................................................................................................... 2, 3, 15
Fed. R. Evid. 201(b)(2) ................................................................................................. 10

## PRELIMINARY STATEMENT

Defendant, Best Buy Stores, LLC (hereinafter "defendant"), submits this Memorandum of Law in support of its motion pursuant to Federal Rule of Civil Procedure 56 dismissing plaintiff's Second Amended Complaint, in its entirety and with prejudice, together with such other and further relief as the Court may deem just and proper.

## STATEMENT OF FACTS

Defendant respectfully directs the Court to its Statement of Material Facts ("SOMF"), submitted separately herewith, together with the Attorney Affidavit of Michael J. Murphy, with exhibits, and Affidavit of Jason Kollbaum, with exhibits, submitted in support of defendant's motion for summary judgment, for a complete recitation of the relevant facts.

## STANDARD OF REVIEW

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material facts, and that the moving party is entitled to summary judgment. *See*, Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Lang v. Retirement Living Pub. Co., 949 F.2d 576, 580 (2d Cir. 1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. *See*, Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the non-movant. *See*, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (2d Cir. 1983).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue of fact for trial." Fed. R. Civ. P. 56; Liberty Lobby Inc., 477 U.S. at 250; Matsushita Elec. Indus. Co., 475 U.S. at 587. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the non-movant. See, Liberty Lobby, Inc., 477 U.S. at 248-249; Matsushita Elec. Indus. Co., 475 U.S. at 587. Thus, summary judgment is proper where there is "little or no evidence . . . in support of the non-moving party's case." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223-1224 (2d Cir. 1994) (citations omitted).

## ARGUMENT

### POINT I

**DEFENDANT'S MOTION SHOULD BE GRANTED, AS PLAINTIFF HAS FAILED TO ESTABLISH THROUGH ADMISSIBLE EVIDENCE THAT HE WAS DISCRIMINATED AGAINST BASED UPON HIS SEX**

A plaintiff in an action brought pursuant to Title VII of the Civil Rights Act of 1964 must prove that (1) he was within a protected group; (2) that he was qualified for the job; (3) plaintiff suffered an adverse employment action; and (4) under circumstances giving rise to an inference of discrimination. See, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). "While the plaintiff's burden of proof at this initial stage of a discrimination case is de minimus, the plaintiff must still provide some direct or circumstantial evidence to survive a motion for summary judgment." Murray v. U.S. Dep't of Justice, FBI, 821 F. Supp. 94, 102 (E.D.N.Y. 1993), aff'd, 14 F.3d 591 (2d Cir. 1993).

3

"Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). The defendant then has the burden to come forward with a non-discriminatory reason for the action complained of. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). "It is important to note, however, that although the McDonnell Douglas presumption shifts the burden of production to the defendant, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" St. Mary's, 509 U.S. at 507. "Any legitimate, non-discriminatory reason will rebut the presumption triggered by the prima facie case." Fisher, 114 F.3d at 1336. Thus, "the defendant need not persuade the court that it was actually motivated by the proffered reasons" in order to nullify the presumption and obligate the plaintiff to satisfy the burden of proof. Burdine, 450 U.S. at 254. See also, Board of Trustees of Keene State College v. Sweeney, 429 U.S. 24, 25 n. 2 (1978) (employer need only "explain[] what he has done"),

If the defendant articulates a non-discriminatory reason, "the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity." Burdine, 450 U.S. at 255. The trier of fact will decide whether plaintiff has proven "that the defendant intentionally discriminated against [him]." St. Mary's, 509 U.S. at 510.

### a. **Plaintiff has not established a prima facie case of intentional employment discrimination based upon sex against Best Buy**

- *Plaintiff is not a member of a protected class*

The Second Circuit "has yet to expressly adopt a test for determining whether a non-minority plaintiff qualifies as a member of a protected group." Barella v. Vill. of

4

Freeport, 16 F.Supp.3d 144, 159 (E.D.N.Y. 2014), *quoting*, Adamczyk v. New York State Dep't of Corr. Servs., 2011 U.S. Dist. LEXIS 26361, at *5 (W.D.N.Y. 2011).

"In an effort to analyze reverse discrimination cases under the established *prima facie* case standards, some courts require white plaintiffs to establish 'background circumstances' supporting the suspicion that the defendant is that unusual employer who discriminates against the majority, (*see e.g.,* Parker v. Baltimore & O. R. Co., 209 U.S. App. D.C. 215 (D.C. 1981)) instead of proving membership in a historically protected class as required to state a *prima facie* case. However, other courts have concluded that substituting 'background circumstances' for the first prong of stating a *prima facie* case does, in fact, impermissibly raise the bar for pleading a cause of action, and have rejected the Parker analysis for that reason." Barella, 16 F. Supp. 3d 144, 160–161 (E.D.N.Y. 2014), *citing*, Cully v. Milliman & Robertson, Inc., 20 F. Supp. 2d 636, 641 (S.D.N.Y. 1998) (other citations omitted).

The Second Circuit has not taken a position on this issue, and the district courts in this Circuit have split on it. *See*, Olenick v. New York Telephone, 881 F. Supp. 113, 114 (S.D.N.Y. 1995) (adopting "background circumstances" test); Cunliffe v. Sikorsky Aircraft Corp., 9 F. Supp. 2d 125 (D. Conn. 1998) (rejecting Olenick); Ticali v. Roman Catholic Diocese of Brooklyn, 41 F. Supp. 2d 249, 260–262 (E.D.N.Y. 1999) (rejecting "background circumstances" test, and instead assessing whether or not an inference can be drawn from the established facts that the employer treated a Caucasian plaintiff less favorably because of his race). *See also*, Seils v. Rochester City Sch. Dist., 192 F. Supp. 2d 100 (W.D.N.Y. 2002) (finding "background circumstances" analysis unpersuasive, but

5

declining to address the issue since the plaintiffs were unable to establish the fourth prong of the *prima facie* inquiry).

Plaintiff in this case is a thirty-year-old Caucasian male who claims that he was subjected to discrimination based on his status as a male.[1] SOMF ¶¶ 1, 7. Plaintiff has presented no evidence whatsoever supporting his claim that Best Buy is an "unusual employer who discriminates against the majority." Olenick, 881 F. Supp. at 114. Accordingly, plaintiff has failed to establish through admissible evidence that there were background circumstances to support the suspicion that Best Buy is within the "unusual" category of employers to discriminate against the majority. Absent this showing of background circumstances, plaintiff has not shown that he is a member of a protected class.

- ***Plaintiff was not qualified for the position***

"The term 'qualified' has been defined by the Second Circuit to mean 'criteria the employer has specified for the position.'" Thornley v. Penton Publ'g, Inc., 104 F.3d 26, 29 (2d Cir. 1997). For plaintiff to show that he was qualified according to the employer's criteria, "plaintiff need not demonstrate that his performance was flawless, but only that he possesses the basic skills necessary for performance of the job." De la Cruz v. N.Y. City Human Res. Admin. Dep't of Social Servs., 82 F.3d 16, 20 (2d Cir. 1996), *citing*, Powell v. Syracuse Univ., 580 F.2d 1150, 1155 (2d Cir. 1978).

Best Buy's expectations for employee job performance are articulated in its policies and procedures. It is clear from a review of these documents and plaintiff's employment

---

[1] Plaintiff has not claimed in his claim that he was discriminated against based upon his status as a parent. As such, the defendant has limited the present motion to plaintiff's claim for discrimination based upon sex alleged in the Second Amended Complaint.

6

history with the defendant that he failed to comply with the requirements for his position. Specifically, the Attendance/Punctuality Policy states that in the case of a "no call/no show" (where the employee has failed to report for his/her scheduled shift and/or failed to notify the MOD within two (2) hours following the start of the scheduled shift, without any other attendance or tardiness infractions), the first no call/no show will result in a "[f]inal warning" which expires 12 months following the date of the final warning. SOMF ¶ 51. In the case of a no call/no show with other attendance/tardiness infractions or a second no call/no show, the employee can be involuntarily terminated. Id. Plaintiff's employment file shows that he did not appear for several scheduled shifts, and was frequently late for his shifts. SOMF ¶¶ 36, 37, 46–49. Each of these instances was a sufficient basis for Best Buy to terminate plaintiff's employment based upon failure to comply with Best Buy's attendance policy.

Furthermore, Best Buy has availability standards which require a part-time employee, such as the plaintiff, to be available for two weekday closing shifts, and/or two weekday opening shifts, and three of five weekend shifts (including at least one Saturday shift and one Sunday shift). SOMF ¶ 35. The availability standards go on to state that "[w]here [Best Buy] will not make exceptions to the Availability Standards, employees may request accommodations from their General Manager and DHRM. These requests will be approved or denied by these leaders." SOMF ¶ 36.

Plaintiff failed to meet the availability standards required for part-time employees, and failed to change his availability to comply with availability standards. On plaintiff's employment application dated November 6, 2012, he indicated that he was available Monday morning, Tuesday through Thursday all day, Friday morning, and all day

7

Saturday and Sunday. SOMF ¶ 43. When plaintiff filled out his availability form on November 27, 2012 he changed his availability to reflect that he was available all day on Sunday, Monday, Wednesday, Thursday, and beginning on 5:00 p.m. on Saturday. SOMF ¶ 44. Plaintiff did not provide an explanation for why his availability changed during this time. Murphy Aff. Ex. C, BBS00214. A review of plaintiff's availability data demonstrates that he changed his availability several times, until he removed his availability on Saturdays on August 30, 2015. SOMF ¶ 46. Furthermore, despite plaintiff's sworn claim in this complaint that he was not available on Saturday pursuant to court order, a review of the Order of Custody and Parenting Time demonstrates that statement to be false. Under the Order dated October 24, 2011, plaintiff has parenting time as follows:

- Each and every Tuesday, from 1:00 p.m. until 9:00 p.m.;
- Each and every Friday, from 1:00 p.m. until 9:00 p.m.;
- Each and every Sunday, from 10:00 a.m. until 6:00 p.m.;
- One overnight per week, from 6:00 p.m. until 12:00 p.m. the following day, on the day of the week as mutually agreed by the parties[.] SOMF ¶ 33.

Despite plaintiff's assertion that he was scheduled during a time when he had court-ordered parenting time with his child, the Order demonstrates that this is not accurate. See, id. Plaintiff testified that he and Ms. Gasperini allegedly verbally modified the Court's Order by permitting plaintiff to see his child on Saturday in defiance of the court-ordered schedule. Murphy Aff. Ex. M, p. 62.

Plaintiff's availability did not comply with the required availability, in that it failed to have availability for at least one Saturday shift and one Sunday shift. SOMF ¶ 35. As a result, plaintiff was spoken to by General Manager Jason Kollbaum about his failure to

8

meet availability standards, and instructed to change his availability to comply with the availability standards. SOMF ¶ 52. In addition, other managers and employees had conversations with plaintiff, wherein plaintiff was instructed to change his availability to comply with availability standards. Kollbaum Aff. ¶ 11. A correspondence from Associate Store Manager Justin Hayes, following two verbal conversations, sets forth that plaintiff was required to change his availability to comply with availability standards within 30 days. Plaintiff never changed his availability to comply with Best Buy's availability standards. SOMF ¶ 58. Furthermore, plaintiff never requested an accommodation to have availability that departed from Best Buy's availability. SOMF ¶ 55.

In addition to plaintiff's failure to comply with the availability standards, plaintiff had a well-documented history of failing to meet company standards and expectations, comply with applicable policies, and cooperate as a Best Buy team member. Specific instances are documented by Performance Counseling Records (or "PCRs"), detailed in subsection "b" below. Plaintiff was counseled for, among other things, failure to appear for shifts and undertake his job duties in the manner required by Best Buy policies. These PCRs specifically note that "failure to improve performance or meet expectations as described above may result in further corrective action up to, and including, termination of employment." Murphy Aff. Ex. C, BBS00158.

The Best Buy Mobile Productivity Report also shows that plaintiff's productivity was substantially lower than his coworkers. BBS00562–63.

Based on the foregoing, the record establishes that plaintiff was not qualified for the position with Best Buy, as he failed to comply with the required availability standards,

9

he failed to meet company standards and expectations and policies and failed be a cooperative and productive as a Best Buy team member.

- ***Plaintiff has failed to raise an inference of discrimination***

A plaintiff must demonstrate circumstances existing at the time of the termination that would "give rise to an inference: of discrimination." Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994). A Court's determination of "whether the proffered admissible evidence shows circumstances that would be sufficient to permit a rational fact finder to infer a discriminatory motive." Memisevich v. St. Elizabeth's Med. Cty., 443 F. Supp. 2d 276, 286 (N.D.N.Y. 2006).

As an initial matter, there was no adverse action taken toward plaintiff. Plaintiff's employment with Best Buy ended when he failed to report for scheduled shifts. SOMF ¶ 61. Plaintiff no called/no showed for three consecutive scheduled shifts on December 20, 21, and 22, 2015. SOMF ¶ 59. Moreover, December 20, 21, and 22, 2015 fell on a Sunday, Monday and Tuesday, respectively, when he was purportedly available.[2] Murphy Aff. Ex. I, BBS00278–280. As such, plaintiff's claims about being scheduled when he claims he had parenting time on a Saturday do not address plaintiff's failure to present for three consecutive shifts when he was noted to be available. He was also a no call/no show to a shift scheduled for January 5, 2016 (a Tuesday). SOMF ¶ 60. Plaintiff was never terminated from Best Buy, rather, he stopped reporting for shifts. SOMF ¶ 61. As a result, plaintiff was designated as voluntarily terminated on March 7, 2016. Id. Therefore, there was no adverse employment action taken against plaintiff.

---

[2] The defendant respectfully requests that the Court take judicial notice that December 20, 21 and 22 fell on Sunday, Monday and Tuesday, respectively. "Courts may judicially notice facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

10

In addition, there is no basis for plaintiff's claim that there was a disadvantage to being placed in the portable audio section of the store. General Manager Jason Kollbaum states that the decision to place an employee in certain departments of the store are based solely upon the legitimate staffing and business needs of the store at that time. SOMF ¶ 63. Placing an employee in a certain part of the store is not done in a retaliatory, discriminatory or harassing manner. Id. Mr. Kollbaum specifically states that there is no basis for plaintiff's claim that one department of the store is necessarily preferable over another. Id. Therefore, plaintiff was not placed in the portable audio department as a harassment or punishment.

Furthermore, there is no evidence to suggest that plaintiff was scheduled in a manner that was either harassing or discriminatory by scheduling him to work on Saturdays. Scheduling of employees for shifts at Best Buy is accomplished through an automated system. SOMF ¶ 62. This automated system is set to be consistent with the Best Buy availability standards. Id. This automated system cannot be reset to override those availability standards by, for example, insuring that a part-time employee never has a Saturday shift. Id. Employees are not scheduled based upon whether they are male or female, or whether or not they have children and/or child visitation orders. SOMF ¶ 64. Moreover, General Manager Jason Kollbaum states that he was not aware of plaintiff's family circumstances and whether or not he had a child. SOMF ¶ 64.

With regard to plaintiff's claim that he was not treated as well as his female coworkers, plaintiff has produced no evidence in admissible form to support that claim. There is no suggestion based upon the record that plaintiff was treated differently in any manner to any of his co-workers, or that any of these co-workers had availability which

11

did not comply with the availability standards. Indeed, with regard to plaintiff's claim that an employee named Mary was treated more favorably than he was, plaintiff alleges that "[s]he didn't complain about anything. She seemed chipper on the job. There was no grievances from her whatsoever. And I had heard grievances from her, that she was very outspoken about grievances." Murphy Aff., Ex. M, p. 143. Furthermore, plaintiff alleges that with regard to Mary, "[t]here was never any complaint from her about being able to see her child or be in her child's life or being scheduled just to harass her with her parenting time or failure to be promoted or being scheduled – or given different or separate duties than other people in the same position." Id. at pgs. 143–144. This unsupported and speculative opinion does not establish a legitimate basis to suggest that a female employee was treated more favorably than plaintiff. It does not even establish who Mary is, what department she worked in or if she had a child.

Furthermore, there is no merit to plaintiff's claim that his lack of promotions with the defendant are in any manner related to his sex. The record shows that plaintiff applied for full time positions with the defendant between September, 2013 and April 21, 2014. See, SOMF ¶ 67–71. Plaintiff was not given those positions due to an inability to contact him, his lack of experience, education or job specific knowledge and skills. See, id. The stated reasons for not choosing plaintiff for those positions are objective criteria which are related to the legitimate business needs of Best Buy. See, id.

Based on the foregoing, plaintiff has failed to establish a prima facie case of intentional discrimination against Best Buy. As such, defendant's motion for summary judgment should be granted.

### b. Defendant had a legitimate non-discriminatory reason for any adverse action taken against plaintiff

Plaintiff has failed to establish a prima facie case of employment discrimination based on sex against the defendant. In the event that the Court were to find that plaintiff's proof sufficiently established a prima facie case, the record shows that defendant had legitimate, non-discriminatory reasons for any adverse action alleged by plaintiff. A review of plaintiff's employment file reflects a well-documented history of plaintiff failing to comply with Best Buy policies, procedures and expectations.

Specifically, plaintiff was issued PCRs for being late for scheduled shifts on February 14, March 15 and May 4, 2015. SOMF ¶ 47. Plaintiff was also issued a PCR for calling in for his shift on July 11, 2015 and arrived 2 hours and 43 minutes late for his scheduled shift on July 12, 2015. SOMF ¶ 48. This PCR states that "Michael is to adhere to the Attendance / Punctuality [Policy] in its entirety for the next 6 months. Failure to comply with the Attendance / Punctuality Policy will result in further disciplinary action up to and including termination." Id.

Furthermore, a PCR was issued on November 2, 2015 due to plaintiff's failure to appear for a shift scheduled for October 31, 2015. Id. at BBS00229. The PCR states "Michael says this shift was scheduled outside of his availability so therefore is invalid, however, Michael's current availability does not meet the company minimum requirements for employment which Michael has been told and has failed to adjust to meet these requirements. Id. Plaintiff also did not report for scheduled shifts on December 20, 21 and 22, 2015, as well January 5, 2016. SOMF ¶¶ 59, 60.

Moreover, plaintiff's availability did not comply with Best Buy's availability standards, as plaintiff was not available to work at least one Saturday shift and one

13

Sunday shift. SOMF ¶ 35. Plaintiff did not comply in requests from management to change his availability to conform with availability standards. SOMF ¶¶ 52-54. Plaintiff did not submit a written request for an accommodation to depart from the availability standards to Mr. Kollbaum or any other manager. SOMF ¶ 55. Furthermore, General Manager Jason Kollbaum did not approve any request from plaintiff to change his availability in a manner not in compliance with the company's availability standards, including any request that plaintiff not be required to work on Saturdays. SOMF ¶ 57.

As set forth above, plaintiff's pattern of misconduct would constitute terminable offenses under Best Buy's availability policies. See, SOMF ¶ 51. However, plaintiff was not terminated. In fact, plaintiff's employment with Best Buy ended when he voluntarily terminated his position. SOMF ¶ 61.

The record clearly shows that plaintiff was not subjected to discriminatory, retaliatory or harassing behavior based upon his status as a male. Rather, the record shows that plaintiff was not terminated or subjected to any adverse employment actions, despite plaintiff's failure to report to his scheduled shifts or comply with Best Buy's policies and procedures.

## POINT II

### TO THE EXTENT THAT PLAINTIFF RAISES ANY ADDITIONAL CLAIMS IN OPPOSITION TO THOSE MOTIONS, CLAIMS RAISED FOR THE FIRST TIME IN OPPOSITION TO A MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE CONSIDERED BY THE COURT

The Second Circuit has held that claims raised for the first time in the context of a motion for summary judgment do not need to be considered by the Court. See, Shah v. Helen Hayes Hosp., 252 F. App'x 364, 366 (2d Cir. 2007) ( finding that the district court did not err when refusing to address claims first introduced in a pro se plaintiff's response to a

summary judgment motion); see also, Wright v. Ernst & Young LLP, 152 F.3d 169,178 (2d Cir. 1998).

To the extent that plaintiff attempts to raise claims for the first time in opposition to this motion for summary judgment, this Court should refuse to consider same. Plaintiff has had multiple opportunities to amend his complaint to add additional or new claims. In fact, the Second Amended Complaint is the third complaint filed by plaintiff in this action. Plaintiff should not be permitted to raise a claim at this point of the proceeding, when he has been given every opportunity to amend his complaint to add any claims he deemed necessary. Based on the foregoing, the defendant requests that the Court not consider any claims by plaintiff raised for the first time in opposition to this motion and/or not plead in the complaint.

## CONCLUSION

Based on the foregoing, the defendant respectfully requests an Order pursuant to Federal rule of Civil Procedure 56 dismissing plaintiff's complaint in its entirety and with prejudice, together with such other and further relief as the Court deems just and proper.

DATED: June 6, 2018

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C.

By _____
MICHAEL J. MURPHY
Bar Roll No.: 102244
Attorneys for Defendant
Office and P.O. Address
20 Corporate Woods Boulevard
Albany, NY 12211-2396
Phone: (518) 465-3484
E-Mail: mmurphy@carterconboy.com