UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

MICHAEL JOSEPH ROTONDO,

                Plaintiff,

- against -                        **MEMORANDUM OF LAW**

                                         **Civil Case No. 5:17-CV-522**

                                         **DNH/DEP**

BEST BUY STORES, LLC,

                      Defendant.

---

1. The Defendant had violated New York Codes Rules and Regulations

Part 142 § 142-2.3 Call-in pay. which states:

> "An employee who by request or permission of the employer
>
> reports for work on any day shall be paid for at least four hours, or
>
> the number of hours in the regularly scheduled shift, whichever is
>
> less, at the basic minimum hourly wage. "

Which shows that the Defendant was so committed to the discrimination of

the Plaintiff, that the Defendant was willing to commit a separate violation of

New York State law in order to pursue that same discrimination against him.

2. In Margaret Weichert v. E-Finance Call Center[1], the Plaintiff was awarded $154,000 in emotional distress and punitive damages for each and both of, discriminatory pay and retaliatory discharge. Back pay was also awarded, but this figure is not incorporated into the same $154,000 above.

3(a). The matter of Margaret Weichert v. E-Finance Call Center pales in comparison to this matter Michael J Rotondo v. Best Buy Stores LLC. The Plaintiff has claimed the following acts of discrimination based on his sex, which each are willful violations of Title VII of the Civil Rights Act of 1964 as amended.

3(b). For the emotional distress of, the Plaintiff's humiliation and aggravation of having to be brought into work during times that the Plaintiff and his coworkers knew that the Plaintiff did not need to be called in for work and,

---

1. Margaret Weichert v. E-Finance Call Center; United States District Court Eastern District of Kansas: Case 2:13-cv-02493-KHV Docket# 178

3(c). For the emotional distress of, the Plaintiff's humiliation and aggravation for being scheduled in the tedious "portable audio" and "networking" sections of his department, in spite of his veterancy and skill with customers and,

3(d). For the emotional distress of, the pressure the Defendant had put onto the Plaintiff to forgo trick-or-treating with his son, on the Halloween holiday of October 31, 2017 and,

3(e). For the emotional distress of, the Plaintiff having to forgo some of his parenting time with his child, for effectively every Saturday of 2015 and,

3(e). For the emotional distress and aggravation of, the Plaintiff being scheduled exclusively on Saturdays, for a portion of 2015 and,

3(f). For the emotional distress of, the aggravation for the Plaintiff having to attempt to compel the Defendant to adhere to their agreement to

allow the Plaintiff to have all Saturdays off in perpetuity and,

3(g). For the emotional distress of, the retaliatory termination of the Plaintiff for not allowing the Defendant to coerce the Plaintiff into agreeing to being available for work during a time that the Plaintiff had parenting time with his son and,

3(h). For the emotional distress of, the humiliation of the Plaintiff for the Defendant failing to promote him.

4. Defendant refused to honor their agreement with the Plaintiff to allow him to be unavailable for work on all Saturdays in perpetuity. The Defendant thereby violated Plaintiff's rights under 42 U.S.C. §1981.

5. It is the overwhelming belief of the Plaintiff that these acts of discrimination easily substantiate the Plaintiff's motion for judgment in the amount sought, of $388,000, as this matter of Michael J Rotondo v. Best Buy Stores LLC., is inclusive of discrimination which is minimally, twice as egregious, as the matter of Margaret Weichert v. E-Finance Call Center[1].

1. Margaret Weichert v. E-Finance Call Center; United States District Court

Eastern District of Kansas: Case 2:13-cv-02493-KHV

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

MICHAEL JOSEPH ROTONDO,

                    Plaintiff,

          - against -

                                       **EXPLANATION FOR**

                                          **FILING DISCOVERY**

                          **Civil Case No. 5:17-CV-522 DNH/DEP**

BEST BUY STORES, LLC,

                    Defendant.

Michael Rotondo
408 Weatheridge Dr.
Camillus, NY 13031

November 1, 2017

Honorable Magistrate Judge David E. Peebles
100 South Clinton St.
P.O. Box 7637
Syracuse NY 13261

Dear Honorable Magistrate Judge David E. Peebles,

      The Plaintiff Michael J. Rotondo asserts under the penalties of perjury as follows:

      1. The Plaintiff was aware of the "7 day prior" deadline for the filing of his case management plan however, he was involved with another very serious matter and did not review the general order 25 and discover the 21 day deadline to confer with the other party and discuss the case management plan until October 17th 2017, where the Plaintiff then immediately called Brienna Christiano of Carter and Conboy that day, 16 days before the Rule 16 conference and in turn left a voice-mail for Michael J. Murphy, inquiring about the Case Management plan that Carter and Conboy had in mind, to the effect that the Plaintiff may then consider the Case Management plan that Carter and Conboy was considering at that time.

2. The Plaintiff did not hear from Carter and Conboy in any way, from October 17th 2017 until, on October 25, 2017, shortly after the Plaintiff filed his proposal for a case management plan.

3. On October 25, 2017 the Plaintiff had received a phone-call from Brienna Christiano of Carter and Conboy where, she had represented to to the Plaintiff that she was unwilling to meet with the Plaintiff at 9:00 AM on Nov 2, 2017 so that he may provide her with his discovery and summary Judgment motions, so that the scheduling conference could then be taken with with those motions in mind and, she also stated that she is not able to discuss the merits of the case at this time thereby demonstrating, a complete unwillingness to attempt to resolve this matter in good faith or participate in the proceedings.

4. In response to the situation described above, the Plaintiff then decided that the most prudent thing to do was to file his discovery and summary judgment motions so the court may be moved by them, as this would advance this case.

Thank you for your time,

Michael Joseph Rotondo
Plaintiff
408 Weatheridge Dr.
Camillus, NY 13031

Sworn to before me this

1st ____ day of November, 20 17

JOSEPH S LOGIUDICE
Notary Public - State of New York
No. 01LO6355991
Qualified in Onondaga County
My Comm. Expires March 20, 2021

Exhibit B

# CARTER CONBOY
## ATTORNEYS AND COUNSELORS AT LAW

JAMES C. BLACKMORE
JOHN T. MALONEY
EDWARD D. LAIRD, JR.+
JAMES A. RESILA*
MICHAEL J. MURPHY
WILLIAM D. YOQUINTO
MICHAEL J. CATALFIMO*
WILLIAM J. DECAIRE*
ADAM H. COOPER
MACKENZIE C. MONACO
BRIAN D. CARR
M. ELIZABETH CORENO
THOMAS A. CAPEZZA

COUNSEL
JONATHAN E. HANSEN
WILLIAM C. FIRTH*

RETIRED
JAMES M. CONBOY

20 CORPORATE WOODS BOULEVARD
ALBANY, NEW YORK  12211-2396
(518) 465-3484 • FAX (518) 465-1843
www.carterconboy.com

■OFFICES ALSO IN SARATOGA SPRINGS■

Also Admitted In:
*Massachusetts
^New Jersey
+Vermont

MATTHEW J. DILLON
GINA T. ANGRISANO
JOHN R. CANNEY, IV
STANLEY J. TARTAGLIA, JR.
BRIENNA L. CHRISTIANO
COURTNEY E. GREEN
ANDREANNA M. DILIBERTO^
KASEY K. HILDONEN

OF COUNSEL
HON. DAVID R. HOMER (Retired)
HON. THOMAS E. MERCURE (Retired)
CHRISTOPHER J. WATT^
LAWRENCE R. HAMILTON
JOHN H. PENNOCK, JR.

November 1, 2017

Michael Joseph Rotondo
408 Weatheridge Drive
Camillus, NY  13031

Re:  Rotondo v. Best Buy Stores, LLC
Our file: 28806

Dear Mr. Rotondo:

Enclosed for service please find defendant's First Set of Interrogatories and Request for Production of Documents, with regard to the above-referenced matter.

Thank you.

Very truly yours,

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By: MICHAEL J. MURPHY

MJM:mmk
Enclosure

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL JOSEPH ROTONDO,

               Plaintiff,

**FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION
OF DOCUMENTS**

-against-                   **Civil Case No. 5:17-CV-522 DNH/DEP**

BEST BUY STORES, LLC,

               Defendant.

Defendant, Best Buy Stores, LLC, by and through its counsel, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., propounds the following interrogatories and request for production of documents to plaintiff, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and demand answers and production in response thereto within thirty (30) days of service.  In these interrogatories and requests, the following definitions shall apply:

## DEFINITIONS AND INSTRUCTIONS

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure Rule 26(e), the following interrogatories shall be deemed to be continuing, and any additional information, including, but not limited to, any conclusions, opinions or contentions which relate in any way to these interrogatories which is different from that which is set forth in the answers hereto, and which is acquired subsequent to the date of service of the answers to these interrogatories, up to and including the date of trial, shall be furnished to the attorneys for defendant promptly after such information is acquired.

**PLEASE TAKE FURTHER NOTICE**, that if plaintiff fails to timely supplement his answers to these interrogatories, defendant reserves all rights to seek relief from the Court including, but not limited to, preclusion of evidence, sanctions and/or dismissal of plaintiff's Complaint.

The following definitions apply:

1.      Each interrogatory is addressed to the personal knowledge of and/or information possessed by plaintiff Ryan Cook and his present and past: (1) agents; (2) attorneys (information legitimately protected by a privilege is <u>not</u> sought); (3) investigators; and/or (4), other representatives of plaintiff. Where facts set forth in plaintiff's answers or portions thereof are supplied upon information and belief rather than upon direct personal knowledge, please so state and identify the source of such information and belief. For any interrogatory or portion thereof for which an answer cannot be provided by way of actual knowledge or upon information and belief, please so state and identify what efforts, if any, were made to obtain such knowledge as would enable plaintiff to answer said interrogatories or portions thereof.

2.      The words "you," "your," "plaintiff Rotondo" and/or "plaintiff" (and variants thereof) refer to plaintiff Michael Rotondo.

3.      The word "complaint" and variations thereof refer to the complaint filed in the instant matter, filed on or about May 11, 2017.

4.      The words "person" or "persons" means a corporation, partnership, other business association or entity, a natural person, or any government or governmental body, department, commission, board or agency.

2

5.      Whenever a date, amount, or other computation or figure is requested, the exact date, amount or other computation or figure is to be given unless it is not known; and then the approximate date, amount or other computation or figure as an estimate or approximation; and the basis of such estimate or approximation is to be described.

6.      "Identify," when used in reference to a natural person, means to state his or her full name, date of birth (if known), present or last known residence, and telephone number.  If the address and telephone number provided is the "last known," please so state and indicate the date when last known.

7.      "Identify," when used in reference to a corporation or partnership, means to state its full name and address of its current or last known principal place of business.

8.      "Identify," when used in reference to a document, means to state its title, date, author(s), addressee(s), present location, name(s) and address(es) of its custodian, and the substance of the contents thereof.  In addition to identifying any document(s), please produce a copy thereof with your answers to these interrogatories, with reference to the numbered interrogatory or interrogatories to which the document(s) is/are responsive.

9.      "Identify," when used in reference to an oral communication or conversation, means to state the date of the conversation, the place where it occurred, and to provide the name and current or last known address of each person who was present during the communication or conversation.

10.      "Identify," when used in reference to any action, omission, occurrence, occasion, meeting, transaction or conduct (collectively, "act"), means to set forth a detailed and complete description of the event or events constituting each act, its location

and date, and the names and current or last known address of every person participating in, present during or with knowledge of such act.

11.    The words "set forth," "describe," "state" or variants thereof mean to provide a full and complete detailed description of the information sought including, but not limited to, any information relevant to the allegations contained within the complaint.

12.    "Documents" shall mean any written, printed, typed, recorded or graphic matter, however produced, reproduced or stored, including but not limited to letters, emails, telephone messages, notices, notes of conversations, memoranda, reports, agreements, diaries, minutes, recitations, statements, worksheets, abstracts, resumes, summaries, notes, books, journals, ledgers, charts, diagrams, drafts, newspapers, appointment books, desk calendars, expense reports, invoices, delivery records, photographs, tape recordings, video and audio recordings, electronic data compilations, and any other means of recording information in plaintiff's possession, custody or control, or which previously existed.

(i)    Lost or destroyed documents:    If any document for which identification is requested was formerly in existence or in plaintiff's possession but no longer exists or is no longer within plaintiff's possession, custody or control, plaintiff's identification of the document should include: (1) an identification of the document and its author or addressee; (2) the date and circumstances of the document's loss or destruction; and (3), the reason or justification for such loss or destruction.

(ii)    Privileged documents: If any privilege is claimed with respect to any document or communication requested herein, specifically identify the document or communication and state the privilege claimed and the basis therefor.

4

**FORM OF ANSWERS**

The answers to these interrogatories are to be numbered by plaintiff in such a manner whereby the number of the answer corresponds with the number of the interrogatory, with the same instruction applying to sub-paragraphs of each interrogatory.

**INTERROGATORIES**

1.    Identify each person supplying information for answers to the following interrogatories, specifically stating for each:

    a.  Full name;

    b.  Residence; and

    c.  Business address.

2.    Set forth the manner in which plaintiff was discriminated against based on sex as alleged in paragraph 6 of the Complaint.

3.    Set forth the manner in which plaintiff was terminated as alleged in paragraph 7 of the Complaint and identify the date, time, location of the termination as well as the employee of defendant who communicated the termination to plaintiff.

4.    Set forth the manner in which plaintiff was denied an accommodation as alleged in paragraph 7 of the Complaint and identify the specific date that the alleged denial occurred, as well as the employee of the defendant who allegedly denied an accommodation.

5.    Identify the employee(s) of defendant who allegedly agreed to allow plaintiff to be unavailable for work on a holiday and identify the holiday, as well as the date, time and location that said statements were made as referred to in paragraph 8(b) of the

Complaint, and the employee of the defendant who allegedly permitted plaintiff not to work on the holiday.

6.      Identify the manner in which the defendant allegedly "reneged on this agreement and pressured" the plaintiff and set forth the date, time and location that this was communicated to plaintiff, and the employee of the defendant who communicated this to the plaintiff.

7.      Identify the manner in which the defendant allegedly "reneged" as alleged in paragraph 8(b) of the Complaint, and set forth the date, time and location that this was communicated to plaintiff, and the employee of defendant who communicated this to the plaintiff.

8.      Set forth the manner in which plaintiff was allegedly "reprimanded" as referred to in paragraph 8(b) of the Complaint, identifying the employee of the defendant who allegedly reprimanded plaintiff, as well as the date, time and location that this occurred.

9.      Provide a copy of the agreement referred to in paragraph 8(c).

10.     Provide a copy of the company policy referred to in paragraph 8(c) of the Complaint, making specific reference to the policy depended upon.

11.     State whether or not the "two separate occasions" referred to in paragraph 9 of the Complaint are the allegations referenced in paragraphs 8(b) and 8(c) of the Complaint.

12.     If the response to paragraph 15 was no, then for each occasion referenced in paragraph 9 of the Complaint, provide: (1) a copy of the agreement referred to in paragraph 9, (2) the specific reference to the language in the company policy depended

upon; (3) the manner in which defendant allegedly "pressured [the plaintiff] to forego an agreement", including the date, time and location that this occurred and the employee of defendant who allegedly "pressured" plaintiff.

13.    Identify the names, addresses and positions of all employment held by plaintiff since December 2015, and provide information regarding hours worked, salary, wage per hour and fringe benefits.

14.    Set forth all amounts of back pay, salary and benefits to which plaintiff is allegedly entitled, including the method of computation of same.

15.    Set forth the manner in which plaintiff is entitled to compensatory damages.

16.    Under what authority is plaintiff entitled to punitive damages?

17.    Under what authority is plaintiff entitled to attorney's fees?

18.    Identify all witnesses to any of the allegations giving rise to the Complaint, including full name, residence and business address.

## DEMAND FOR DOCUMENTS

1.    Produce all documents identified or described in the plaintiff's response to the interrogatories set forth above.

2.    Produce copies of the "company policy" referred to in paragraphs 8(b) and 8(c) of the Complaint.

3.    Provide copies of the agreement referred to in paragraph 8(b) of the Complaint.

4.    Provide copies of the agreement referred to in paragraph 8(c) of the Complaint.

5.    Produce any and all documents which support any of the allegations regarding damages to the plaintiff and/or were described in any of the responses to the above interrogatories related to the plaintiff's damages.

6.    Produce all documents reviewed in the preparation of and responses to the above interrogatories.

7.    Produce any and all documents, correspondence, notes, or memoranda relating to communications between plaintiff and defendant, defendant's agents, defendant's employees, defendant's representatives, or defendant's attorneys.

8.    Produce any statements of the defendant, in any form or format, and whether or not the plaintiff intends to use the statements at the time of trial.

DATED:  November 1, 2017

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By
MICHAEL J. MURPHY
Bar Roll No.: 102244
Attorneys for Defendant, Best Buy
Stores, LLC
Office and P.O. Address
20 Corporate Woods Boulevard
Albany, NY  12211-2396
Phone:  (518) 465-3484
E-Mail: mmurphy@carterconboy.com

TO:    MICHAEL JOSEPH ROTONDO
Plaintiff, Pro Se
408 Weatheridge Drive
Camillus, NY  13031

8

Exhibit C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

MICHAEL JOSEPH ROTONDO,

                         Plaintiff,

- against -

**RESPONSE TO INTERROGATORIES AND**

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**Civil Case No. 5:17-CV-522 DNH/DEP**

BEST BUY STORES, LLC,

                         Defendant.

Dear Carter and Conboy,

The paragraphs of the Plaintiff's complaint cited in many of these interrogatories do not seem to corroborate to those same paragraphs in the Plaintiffs complaint, to the extent that these interrogatories are so unclear, that with consideration of how thoroughly and consistently unclear this "first set of interrogatories and request for production of documents" is, up to and including interrogatory 11, that the Plaintiff is unable to provide the information requested in this "first set of interrogatories and request for production of documents" at this time.

With this in mind, the Plaintiff asks that you please review his motion for summary judgment filed November 1, 2017 and all its annexed documents, and review and amend your "first set of interrogatories and request for production of documents" with that same motion in mind, before sending the Plaintiff a revised set of interrogatories and requests for production of documents, as it is in the overwhelming belief of the Plaintiff that the Plaintiff has provided to you within his motion for summary judgment filed November 1, 2017, much of this information the Plaintiff is imagining you are seeking.

Further, the Plaintiff has annexed hereto a copy of his complaint, from which he believes your "first set of interrogatories and request for production of documents" takes. If this is not the complaint that you are familiar with, please attach in your response to this letter, a copy of the complaint that you are familiar with.

Also, it is the belief of the Plaintiff that this "Ryan Cook" in definition 1 of the "first set of interrogatories and request for production of documents", is someone which whom the Plaintiff has no affiliation with.

Finally, If the paragraphs cited in the "first set of interrogatories and request for production of documents" does in fact corroborate with the Plaintiff's complaint, please let the Plaintiff know how this is.

Date: November 5, 2017

Regards,

Michael Joseph Rotondo
Plaintiff
408 Weatheridge Dr.
Camillus, NY 13031

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
Michael Joseph Rotondo

# AMMENDED COMPLAINT

|  |  |
|---|---|
| **Plaintiff(s)** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| | ) |
| **Defendant(s)** | ) |
| BEST BUY STORES LLC | ) |

**Civil Case No.:**
5:17-CV-0522 (DNH/DEP)
**CIVIL COMPLAINT**
**PURSUANT TO**
**TITLE VII OF THE**
**CIVIL RIGHTS ACT,**
**AS AMENDED**

Plaintiff(s) demand(s) a trial by: ☒ JURY  ☐ COURT   (Select **only** one).

## JURISDICTION

1. Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

## PARTIES

2. Plaintiff: Michael Rotondo

   Address: 408 Weatheridge Dr.

   Camillus, NY 13031

   Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: BEST BUY STORES LLC

   Official Position: _____

   Address: 9090 Destiny Usa Drive.

   Syracuse, NY 13290

1

     b.       Defendant: _____

              Official Position: _____

              Address: _____

                       _____

                       _____

4.     This action is brought pursuant to:

       [✔]  Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

       [ ]  Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination based on pregnancy.

5.     Venue is invoked pursuant to 28 U.S.C. s 1391.

6.     Defendant's conduct is discriminatory with respect to the following (check all that apply):

       (A)  [ ]  My race or color.
       (B)  [ ]  My religion.
       (C)  [✔]  My sex (or sexual harassment).
       (D)  [ ]  My national origin.
       (E)  [ ]  My pregnancy.
       (F)  [ ]  Other: _____.

7.     The conduct complained of in this action involves:

       (A)  [ ]  Failure to employ.
       (B)  [✔]  Termination of employment.
       (C)  [ ]  Failure to promote.
       (D)  [✔]  Unequal terms and conditions of employment.
       (E)  [ ]  Reduction in wages.
       (F)  [ ]  Retaliation.
       (G)  [ ]  Other acts as specified below:

                   _____

                   _____

8.                                    **FACTS**

    Set forth the facts of your case which substantiate your claims.  List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.  (You may use additional sheets as necessary).**

See attached document entitled "FACTS" on pages 4-5.

_____

_____

_____

_____

_____

_____

_____

_____

9.                             **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

                        **FIRST CAUSE OF ACTION**

See attached document entitled "CAUSES OF ACTION" on page 6.

_____

_____

_____

_____

_____

3

# FACTS

8(a).

I was qualified for the position that I held with the Respondent. I was good with customers and I was a diligent worker.

8(b).

I was harassed with my parenting time with my son, by being scheduled unnecessarily on days that the Respondent knew I had parenting time with him. This occurred throughout the year of 2015 and was done to me by both Mariah Goddard and Martin Brown each, at the Best Buy Store located at 9090 Destiny USA Dr. Syracuse, NY 13290.

8(c).

The Respondent consistently perpetually and unfairly placed me in the "portable audio" or "networking" sections of my department, instead of placing me in the section of my department where the employees sold cellular phones. Selling cellular phones is much preferred amongst employees over being placed elsewhere in the department, and I could most effectively be capitalized on as an employee by being placed to sell cellular phones because of my experience in the cellular phone department. This occurred throughout the year of 2015 and was done to me by both Mariah Goddard and Martin Brown each, at the Best Buy Store located at 9090 Destiny USA Dr. Syracuse, NY 13290.

8(d).

4

The Respondent had agreed to allow myself to be unavailable for work on all Saturday's in perpetuity including the Halloween holiday on 10/31/2015, this was agreed upon on behalf of the Respondent by the General Manager of the Best Buy store that I worked at Jason Kollbaum, who had agreed to this unavailability on 9/6/2015 at 3:32 CDT. In accordance with company policy, I could depend on this agreement.

It was documented that I was reprimanded on a day shortly after 10/31/2015 by Justin Hayse, for not coming in to work on 10/31/2015. This occurred at the Best Buy Store located at 9090 Destiny USA Dr. Syracuse, NY 13290.

8(e).

I was told by my supervisor Mariah Goddard that if I did not request for the Respondent to amend my work availability agreement to include Saturday's as a day that I was available to work, I would be terminated. This occurred at the Best Buy Store located at 9090 Destiny USA Dr. Syracuse, NY 13290. This representation that I would be terminated if I did not amend my work agreement with the Respondent was reiterated by Mariah Goddard to myself on 12/4/2015 at the Best Buy Store located at 9090 Destiny USA Dr. Syracuse, NY 13290. In accordance with company policy, I was under no obligation to request to amend my work availability agreement with the Respondent.  I did not request to amend my work availability agreement with the Respondent. The Respondent terminated my employment on/about 12/4/2015.

8(f).

Other single parents who were females, were not treated the same way that I was as described herein.

5

## 9.                   <u>CAUSES OF ACTION</u>

### <u>FIRST CAUSE OF ACTION</u>

I believe the Respondent discriminated against me because of my gender/male when I was denied an accommodation, which was due to a court order. This is in willful violation of Title VII of the Civil Rights Act of 1964 as amended.

### <u>SECOND CAUSE OF ACTION</u>

I believe the Respondent discriminated against me because of my gender/male when I was given different conditions of employment. This is in willful violation of Title VII of the Civil Rights Act of 1964 as amended.

### <u>THIRD CAUSE OF ACTION</u>

I believe the Respondent discriminated against me because of my gender/male when I was discharged. This is in willful violation of Title VII of the Civil Rights Act of 1964 as amended.

## SECOND CAUSE OF ACTION

_____

_____

_____

_____

## THIRD CAUSE OF ACTION

_____

_____

_____

_____

10.   I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:

7/28/2016
_____
(Provide Date)

11.   The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (**copy attached**) which was received by me on or about:

2/28/2017
_____
(Provide Date)

12.   The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

13.   The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

14.   The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

7

15.   **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

Compensatory damages and punitive damages ($300,000),  Back Pay ($13,000),

Front Pay ($24,000), and attorney's fees ($1500.00); Totaling $338,500.00

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____6/18/2017_____

### Michael Joseph Rotondo

Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Michael J. Rotondo
408 Weatheridge Drive
Camillus, NY 13031

From: Buffalo Local Office
6 Fountain Plaza
Suite 350
Buffalo, NY 14202

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2016-00715 | Nelida Sanchez,
Investigator | (716) 551-3378 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John E. Thompson*

John E. Thompson,
Local Office Director

FEB 2 8 2017

(Date Mailed)

Enclosures(s)

cc:
Jane Kirshbaum
BEST BUY COMPANY
7601 Penn Ave. South
Richfield, MN 55344

James D. Hartt, Esq.
70 Linden Oaks, 3rd Floor
Rochester, NY 14625

9

Exhibit D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

MICHAEL JOSEPH ROTONDO,

                    Plaintiff,

       - against -                    **PLAINTIFF'S REQUEST FOR**

                                           **DISCOVERY AND ADMISSIONS**

                                       **Civil Case No. 5:17-CV-522 DNH/DEP**

BEST BUY STORES, LLC,

                    Defendant.

---

       The Plaintiff Michael Joseph Rotondo, requests the following for admissions and discovery and, please be advised that while the contents appear to be motions, nothing included herein has been filed with the court.

1. The Plaintiff's income since he had been employed by the Respondent is as follows:

| | |
|---|---|
| Unemployment: | $2301.00 |
| Day-labor: | $350 |
| Odd-jobs: | $1500 |
| Ski-instructor: | $1402.10 |
| Computer business: | $650 |
| **Total:** | **$6,203.10** |

2. The Plaintiff requests the following admissions by the Defendant. If the Defendant is unwilling to admit to these requested admissions then the Plaintiff is requesting that the corresponding discovery described in each of these sections which follow may be provided to him, so the facts of this case may be then known.

       a. The Plaintiff requests for the admission that, Jason Kollbaum approved off all of the Plaintiff's Saturdays in perpetuity and, that this was an agreement that the Plaintiff could depend on in accordance with company policy. If the Defendant is unwilling to admit to this as fact, then the

Plaintiff is, at the time of this same refusal of the Defendant to admit, requesting that the 'discovery' described in the Plaintiff's "duces tecum #1" annexed hereto, be fulfilled.

b. The Plaintiff requests for the admission that, the Plaintiff was fired on December 4, 2015. If the Defendant is unwilling to admit to this as fact, then the Plaintiff is, at the time of this same refusal of the Defendant to admit, requesting that the 'discovery' described in the Plaintiff's "duces tecum #1" annexed hereto, be fulfilled.

c. The Plaintiff requests for the admission that, the Defendant had purposefully allowed some of their mobile employees to become unavailable for work on the Halloween holiday of 10/31/2015, in an attempt to fraudulently procure a justification, that the Plaintiff needed to be called in to work on that Halloween holiday of 10/31/2015 and, that this act of allowing other mobile employees to become unavailable to work on the Halloween holiday of 10/31/2015 was a deliberate attempt made by the Defendant, to take the Plaintiff away from his son on that same Halloween holiday without just cause. If the Defendant is unwilling to admit to this as fact, then the Plaintiff is, at the time of this same refusal of the Defendant to admit, requesting that the 'discovery' described in the Plaintiff's "duces tecum #2" annexed hereto, be fulfilled.

d. The Plaintiff requests for the admission that, the Human Resources department of the Defendant, disregarded a situation where the Plaintiff was harassed at work. If the Defendant is unwilling to admit to this as fact, then the Plaintiff is, at the time of this same refusal of the Defendant to admit, requesting that the 'discovery' described in the Plaintiff's "duces tecum #3" annexed hereto, be fulfilled.

e. The Plaintiff requests for the admission that, The Plaintiff was scheduled exclusively on Saturday's for a minimum time span of 5 consecutive weeks, within the time frame of December 14, 2014 to March 7, 2015. If the Defendant is unwilling to admit to this as fact, then the Plaintiff is, at the time of this same refusal of the Defendant to admit, requesting that the 'discovery' described in the Plaintiff's "duces tecum #4" annexed hereto, be fulfilled.

f. The Plaintiff requests for the admission that, The Plaintiff was an exceptional employee who was highly skilled at his job and overwhelmingly forthcoming with effort. If the Defendant is unwilling to admit to this as fact, then the Plaintiff is, at the time of this same refusal of the Defendant to admit, requesting that the 'discovery' described in the Plaintiff's "duces tecum #5" annexed hereto, be fulfilled.

g. The Plaintiff requests for the admission that, the Plaintiff had applied to multiple full time positions, and was the most qualified candidate for at least one of those full time positions. If the Defendant is unwilling to admit to this as fact, then the Plaintiff is, at the time of this same refusal of the Defendant to admit, requesting that the 'discovery' described in the Plaintiff's "duces tecum #6" annexed hereto and "duces tecum #9 annexed hereto both, be fulfilled.

h. The Plaintiff requests for the admission that, the Plaintiff was called in to work on nearly every Saturday, and that this calling in of the Plaintiff brought no business advantage to the Defendant. If the Defendant is unwilling to admit to this as fact, then the Plaintiff is, at the time of this same refusal of the Defendant to admit, requesting that the 'discovery' described in the Plaintiff's "duces tecum #7" annexed hereto and "duces tecum #8 annexed hereto both, be fulfilled.


Regards,


_____

Michael Joseph Rotondo

Plaintiff

408 Weatheridge Dr.

Camillus, NY 13031

*Exhibit E*

# CARTER CONBOY
### ATTORNEYS AND COUNSELORS AT LAW

JAMES C. BLACKMORE
JOHN T. MALONEY
EDWARD D. LAIRD, JR.+
JAMES A. RESILA*
MICHAEL J. MURPHY
WILLIAM D. YOQUINTO
MICHAEL J. CATALFIMO*
WILLIAM J. DECAIRE*
ADAM H. COOPER
MACKENZIE C. MONACO
BRIAN D. CARR
M. ELIZABETH CORENO
THOMAS A. CAPEZZA

**COUNSEL**
JONATHAN E. HANSEN
WILLIAM C. FIRTH*

**RETIRED**
JAMES M. CONBOY

20 CORPORATE WOODS BOULEVARD
ALBANY, NEW YORK 12211-2396
(518) 465-3484 • FAX (518) 465-1843
www.carterconboy.com

■OFFICES ALSO IN SARATOGA SPRINGS■

Also Admitted In:
*Massachusetts
^New Jersey
+Vermont

MATTHEW J. DILLON
GINA T. ANGRISANO
JOHN R. CANNEY, IV
STANLEY J. TARTAGLIA, JR.
BRIENNA L. CHRISTIANO
COURTNEY E. GREEN
ANDREANNA M. DILIBERTO^
KASEY K. HILDONEN

**OF COUNSEL**
HON. DAVID R. HOMER (Retired)
HON. THOMAS E. MERCURE (Retired)
CHRISTOPHER J. WATT^
LAWRENCE R. HAMILTON
JOHN H. PENNOCK, JR.

November 16, 2017

Michael Joseph Rotondo
408 Weatheridge Drive
Camillus, NY 13031

Re:  Rotondo v. Best Buy Stores, LLC
Our file: 28806

Dear Mr. Rotondo:

This letter is written in response to your document entitled, "Response to Interrogatories and Request for Production of Documents dated November 5, 2017". You seem to be under the impression that numbers of the interrogatories, and the subject of each numbered interrogatory must correspond with the numbered paragraphs in the complaint and/or amended complaints. That is not true. The interrogatories are individually numbered on their own. They are not, and do not need to be, correspondent with the numbered paragraphs in any complaint or amended complaints. Please respond to the interrogatories and request for production of documents as drafted.

I am enclosing a new set of interrogatories with the name "Ryan Cook" removed from the definitions, in order to eliminate any confusion on your part. Please respond to this First Set of Interrogatories and Request for Production of Documents.

Also enclosed is a copy of the Answer to the Second Amended Complaint which was e-filed on this date.

Very truly yours,

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By:

MICHAEL J. MURPHY

MJM:amb
*Enclosures*



CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C.

Exhibit F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

MICHAEL JOSEPH ROTONDO,

                        Plaintiff,

- against -                         **2ND RESPONSE TO INTERROGATORIES**

                                        **AND REQUEST FOR PRODUCTION OF DOCUMENTS**

                                              **Civil Case No. 5:17-CV-522 DNH/DEP**

BEST BUY STORES, LLC,

                        Defendant.

---

Michael Rotondo

408 Weatheridge Dr.

Camillus, NY 13031

November 18, 2017

Carter and Conboy

20 Corporate Woods Boulevard

Albany, NY 12211-2396

Dear Carter and Conboy,

        Please read your interrogatory numbered "5", then please read paragraph 8(b) of the operative pleading, then please amend your interrogatories so that the paragraph's referenced, in your interrogatories, correspond to the operative pleading.

Regards,

Michael Joseph Rotondo

Plaintiff

408 Weatheridge Dr.

Camillus, NY 13031

Exhibit G

# CARTER CONBOY
## ATTORNEYS AND COUNSELORS AT LAW

JAMES C. BLACKMORE
JOHN T. MALONEY
EDWARD D. LAIRD, JR.+
JAMES A. RESILA*
MICHAEL J. MURPHY
WILLIAM D. YOQUINTO
MICHAEL J. CATALFIMO*
WILLIAM J DECAIRE*
ADAM H. COOPER
MacKENZIE C MONACO
BRIAN D. CARR
M. ELIZABETH CORENO
THOMAS A. CAPEZZA

COUNSEL
JONATHAN E. HANSEN
WILLIAM C. FIRTH*

RETIRED
JAMES M. CONBOY

20 CORPORATE WOODS BOULEVARD
ALBANY, NEW YORK 12211-2396
(518) 465-3484 • FAX (518) 465-1843
www.carterconboy.com

■OFFICES ALSO IN SARATOGA SPRINGS■

Also Admitted In:
*Massachusetts
^New Jersey
+Vermont

MATTHEW J. DILLON
GINA T. ANGRISANO
JOHN R. CANNEY, IV
STANLEY J. TARTAGLIA, JR.
BRIENNA L. CHRISTIANO
COURTNEY E. GREEN
ANDREANNA M. DILIBERTO^
KASEY K. HILDONEN

OF COUNSEL
HON. DAVID R. HOMER (Retired)
HON. THOMAS E. MERCURE (Retired)
CHRISTOPHER J. WATT^
LAWRENCE R. HAMILTON
JOHN H. PENNOCK, JR.

December 6, 2017

Michael Joseph Rotondo
408 Weatheridge Drive
Camillus, NY  13031

> Re:   Rotondo v. Best Buy Stores, LLC
>       Our file: 28806

Dear Mr. Rotondo:

We are in receipt of plaintiff's document titled "Plaintiff's Requests for Discovery and Admissions."  The defendant has responded to Plaintiff's Requests to Admit as required by Federal Rule of Civil Procedure 36.  Please find defendant's Response to Plaintiff's Request to Admit enclosed herein.

However, the defendant is not required to respond to plaintiff's Subpoenas Duces Tecum annexed to the demands.  As you know, these Subpoenas were filed prior to the Rule 16 Conference held on November 2, 2017.  At the conference, Magistrate Judge Peebles ruled that these subpoenas were premature and that plaintiff was directed to serve interrogatories and/or requests for documents.  The defendant is not required to respond to these Subpoenas which are now annexed to plaintiff's Notice to Admit.

Thank you for your attention.

Very truly yours,

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By: _____
      MICHAEL J. MURPHY

MJM:mmk
Enclosure

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL JOSEPH ROTONDO,

               Plaintiff,

                                    **RESPONSE TO REQUEST FOR**
                                    **DISCOVERY AND ADMISSIONS**
     -against-                        **Civil Case No. 5:17-CV-522 DNH/DEP**

BEST BUY STORES, LLC,

                         Defendant.

Defendant, Best Buy Stores, LLC, by and through its counsel, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., as and for a response to plaintiff's Request for Discovery and Admissions, responds as follows,

### PRELIMINARY STATEMENT

The following answers are provided solely for the purposes of the instant litigation. Defendant Best Buy Stores, LLC (hereinafter "answering defendants"), reserves all objections as to competency, relevancy, materiality and admissibility of all responses, information, materials and documents or the subject matter thereof, all objections as to burden, vagueness, over breadth and ambiguity, as well as all rights to object on any ground to the use of, including the exclusion of, any response, information, materials and documents, or the subject matter thereof, in any subsequent proceeding, including without limitation this or any other action.  All objections are reserved and may be raised at the time of trial.

The answering defendant has not completed its investigation of the facts relating to this case and have not completed trial preparation.  The responses are based upon the information presently available to the answering defendant and are submitted without

prejudice to its right to utilize subsequently discovered facts and said defendant hereby reserves its right to revise, correct, supplement or clarify these objections and/or responses now made or made hereinafter.  Furthermore, a failure to object herein shall not constitute a waiver of any objection that the answering defendant may interpose as to any future supplemental response.

## GENERAL OBJECTIONS

The answering defendant hereby objects to these Requests for Discovery and Admissions to the extent that they seek the disclosure of any information subject to the work product doctrine, attorney-client privilege and/or other applicable privileges and to the extent that they seek documents and/or materials protected from discovery due to the incorporation of any impressions, conclusions, opinions, legal research and/or theories of said defendant within such documents and/or materials.

If any information within the scope of the attorney-client privilege and/or the attorney work product doctrine is inadvertently disclosed, the answering defendant reserves its right to assert those privileges at any time throughout the pendency of this action.  In addition, all evidentiary objections are reserved and no waiver of objection is to be implied from any response below.

The answering defendant further objects to these Requests for Discovery and Admissions to the extent that they attempt to impose upon said defendant any requirement or duty to respond which transcends the Federal Rules of Civil Procedure and/or Local Rules.

Each response and objection asserted below is based upon the answering defendant's understanding of the Request for Discovery and Admissions.  To the extent

that plaintiff asserts an interpretation of any Request for Discovery and Admission that is inconsistent with the answering defendant's understanding, said defendant hereby reserves the right to supplement their responses and/or objections.

The foregoing objections apply to each of the Requests for discovery and Admissions served upon the answering defendant and are incorporated by reference within each separate and distinct response. Neither the failure to specifically mention a General Objection in any answer or response, nor the specification of any other objection, shall be deemed a waiver of any objection to any discovery request.

1.    Answering defendant hereby objects to this particular request, as by the breadth of its terms requires defendant to admit or deny matters solely within the knowledge of the plaintiff, as it is vague and incomprehensible as propounded, and as it is patently improper pursuant to Rule 36 of the Federal Rules of Civil Procedure.

2.    Answering defendant hereby objects to each of the following demands to the extent that they are patently improper pursuant to the Federal Rules of Civil Procedure.  The following responses are given without waiving this objection.

a. Answering defendant hereby objects to this particular request as propounded, as it requires defendant to admit or deny matters within the knowledge of nonparties, and as it calls for a legal conclusion, opinion and/or argument, and therefore exceeds the scope of permissible discovery under Rule 36. Without waiving said objection, answering defendant denies both that plaintiff's requests for Saturday off in perpetuity was granted by the defendant or any of its representatives, and that an agreement was

formed upon which plaintiff could depend in accordance with company policy.

b. Answering defendant hereby objects to this particular request as propounded, as it is vague and overbroad in scope, and requires defendant to admit or deny matters within the knowledge of nonparties.  Without waiving said objections, answering defendant admit only that plaintiff's employment with the defendant was voluntarily terminated on March 7, 2016.

c. Answering defendant hereby objects to this particular request as propounded, as it is vague and overbroad in scope, calls for speculation and conjecture, and requires defendant to admit or deny matters solely within the knowledge of nonparties.  Without waiving said objections, answering defendant denies that it fraudulently procured a justification to schedule plaintiff to work on October 31, 2015 or that the defendant deliberately attempted to take the plaintiff away from his son on October 31, 2015.

d. Answering defendant hereby objects to this particular request as propounded, as it is vague and overbroad in scope, calls for speculation and conjecture, requires defendant to admit or deny matters solely within the knowledge of nonparties, and as it fails to identify the time period to which it refers.  Without waiving said objections, defendant lacks knowledge or information sufficient to enable them to either admit or deny this request after having made reasonable inquiry.

e.  Answering defendant hereby objects to this particular request, as it is vague and incomprehensible as propounded, and requires defendant to admit or deny matters within the knowledge of nonparties.  Without waiving said objections, defendant lacks knowledge or information sufficient to enable them to either admit or deny this request after having made reasonable inquiry.

f.  Answering defendant hereby objects to this particular request, as it is overbroad in scope, seeks information irrelevant and/or immaterial to the subject action, calls for speculation and conjecture and is incomprehensible as propounded.

g.  Answering defendant hereby objects to this particular request as propounded, as it is vague and overbroad in scope, and requires defendant to admit or deny matters within the knowledge of nonparties, and calls for speculation and conjecture.  Without waiving said objections, defendant lacks knowledge or information sufficient to enable them to either admit or deny this request after having made reasonable inquiry.

h.  Answering defendant hereby objects to this particular request as propounded, as it is vague and overbroad in scope, calls for speculation and conjecture, requires defendant to admit or deny matter within the knowledge of nonparties and fails to identify a time period.  Without waiving said objections, defendant lacks knowledge or information sufficient to enable them to either admit or deny this request after having made reasonable inquiry.

**PLEASE TAKE NOTICE**, that answering defendant reserves its right to supplement these responses pursuant to the Local Rules and/or the Federal Rules of Civil Procedure up to and including the time of trial.

DATED:  December 6, 2017

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By
MICHAEL J. MURPHY
Bar Roll No.: 102244
Attorneys for Defendant
Office and P.O. Address
20 Corporate Woods Boulevard
Albany, NY  12211-2396
Phone:  (518) 465-3484
E-Mail: mmurphy@carterconboy.com

TO:   MICHAEL JOSEPH ROTONDO
      Plaintiff, Pro Se
      408 Weatheridge Drive
      Camillus, NY  13031

*Exhibit H*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL JOSEPH ROTONDO,

                         Plaintiff,

- against -                      **NOTICE TO TAKE DEPOSITION**

                                          **UPON ORAL EXAMINATION**

                                          **Civil Case No. 5:17-CV-522 DNH/DEP**

BEST BUY STORES, LLC,

                         Defendant.

_____

**PLEASE TAKE NOTICE,** that the deposition of the witness or parties named below shall be taken pursuant to Rule 30 of the Federal Rules of Civil Procedure and said depositions shall be taken at the following designated time and location:

DEPONENT'S NAME:                     Joshua Louie

DATE AND TIME:                       May 10, 2018, at 1:40 p.m.

LOCATION:                               Precision Reporters PC

                                             One Lincoln Center, Suite 750

                                             110 W. Fayette Street

                                             Syracuse, New York 13202

COURT REPORTER:                   Certified Shorthand Reporter to be designated.

METHOD OF RECORDING:        Stenographic

DATED:         April _____, 2018

                                          _____

                                                 MICHAEL J. ROTONDO

                                                      Plaintiff

                                                 408 Weatheridge Dr.

                                                     Camillus, NY 13031

                                             Phone: (315) 415-3084

Exhibit I

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL JOSEPH ROTONDO,

                         Plaintiff,

- against -                    **NOTICE TO TAKE DEPOSITION**

                                       **UPON ORAL EXAMINATION**

                                       **Civil Case No. 5:17-CV-522 DNH/DEP**

BEST BUY STORES, LLC,

                         Defendant.

_____

**PLEASE TAKE NOTICE,** that the deposition of the witness or parties named below shall be taken pursuant to Rule 30 of the Federal Rules of Civil Procedure and said depositions shall be taken at the following designated time and location:

DEPONENT'S NAME:                      "Mary"

DATE AND TIME:                        May 10, 2018, at 1:00 p.m.

LOCATION:                                 Precision Reporters PC

                                             One Lincoln Center, Suite 750

                                           110 W. Fayette Street

                                           Syracuse, New York 13202

COURT REPORTER:                  Certified Shorthand Reporter to be designated.

METHOD OF RECORDING:          Stenographic

DATED:        April _____, 2018

                                        _____

                                              MICHAEL J. ROTONDO

                                                Plaintiff

                                              408 Weatheridge Dr.

                                              Camillus, NY 13031

                                             Phone: (315) 415-3084

Exhibit J

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

MICHAEL JOSEPH ROTONDO,

                Plaintiff,

- against -

BEST BUY STORES, LLC,

                Defendant.

**PLAINTIFF'S REQUEST FOR DOCUMENTS, INTERROGATORIES, AND ADMISSIONS**

**Civil Case No. 5:17-CV-522 DNH/DEP**

---

The Plaintiff Michael Joseph Rotondo, propounds the following interrogatories, requests for production of documents, and requests for admissions, to the Defendant, pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, and demand answers and production in response.

## **REQUEST TO ADMIT**

1. The Plaintiff is requesting for admission that, the Defendant had terminated the Plaintiff for not amending his work-availability schedule to include the availability for work on Saturdays.

2. The Plaintiff is requesting for admission that, other single parents who were females, were not treated the same way as the Plaintiff was by the Defendant.

3.  The Plaintiff is requesting for admission that, the number of transactions that have occurred within each and every 15 minute period, since the previous 15 minute period, that any Best Buy Store is open, can be used to effectively represent the staffing needs of that same Best Buy store, and the staffing needs of any corresponding mobile department located within that same store, for those same 15 minute time period(s).

## INTERROGATORIES

4. Was the "Disposition Reason" of "Better Suited Candidate Selected - Education", described on page 22 of the "Exhibit A to Rule 26 Disclosure", itself referring to Josh Louie's "education" as a cellular phone app developer?

5. What was the retail experience of Josh Louie, previous to his employment with Best Buy, with the names of those previous retail employers, and the duration of Josh's employment with those same previous employers?

6. Was the Defendant aware that the Plaintiff had a young son, which he saw on each and every Saturday, for the entire day on those same Saturdays?

7. Was the Defendant aware that the Plaintiff had a young son, which he saw on each and every Saturday, for the entire day on those same Saturdays, on or shortly after the Plaintiff's hiring in 2012?

8. Did the Defendant consistently and perpetually place the Plaintiff in the "portable audio" or "networking" sections of his department, while other employees with less experience then the Plaintiff placed in the cellular-phone section?

## REQUEST TO DEPOSE

9. The Plaintiff requests for the Defendant to produce "Mary", for oral deposition.

10. The Plaintiff requests for the Defendant to produce "Romeshia Paul", for oral deposition.

11. The Plaintiff requests for the Defendant to produce "Mariah Goddard", for oral deposition.

12. The Plaintiff requests for the Defendant to produce "Josh Louie", for oral deposition.

## REQUEST FOR DOCUMENTS

13. The data in "Exhibit A to rule 26 disclosure", as a spreadsheet data file of, Microsoft Excel 2007-2013 XML (.xlsx) and, as a Text CSV (.csv) each and both. Further, each should be select-able as a format to "save as", and by providing both, this effectively eliminates the possibility of any one data format provided, being unusable to the Plaintiff.

14. The work availability requests of all the employees in the mobile department, that pertained to, or would pertain to, the Halloween of 10/31/2015, so that it may be seen when any request was made to have that same Halloween off from work, and whom approved or denied each of those same requests and at what date and time.

15. The work availability request of the Plaintiff, which pertained to Saturdays, so that it may be seen whom each and every individual was, whom had approved the Plaintiff's request to have all Saturdays off in perpetuity, and

when each of those same approvals of, that same request to have all Saturdays
off in perpetuity took place.

16(a). The mobile work schedule of 2015 for the Best Buy Store located
at 9090 Destiny USA Dr. Syracuse NY 13290, as a list of the logs of the each of
the mobile employees starting work, and logs of each mobile employee ending
work. On a comma separated text file consisting of the information, each
separated by comma, of the month of the log entry, the day of the log entry, the
year of the log entry, the hour of the log entry, the minute of the log entry, a
method of indication AM or PM of the log entry (if not in military time), the
day of the week of the log entry, the indication of if the log entry itself is
indicating the start of work or the end of work, and the name of the employee
for the log entry, with each entry being one line per log entry; for every
Saturday of the year of 2015 and;

16(b). The number of transactions that have occurred in the store within
each and every 15 minute period, since the previous 15 minute period, that the
Best Buy Store located at 9090 Destiny USA Dr. Syracuse NY 13290 is open,
as a list of entries for every 15 minute interval that the store is open, on a
comma separated text file consisting of the information each separated by
comma, the month of the log entry, the day of the log entry, the year of the log
entry, the hour of the log entry, the minute of the log entry, a method of

indicating AM or PM of the time of the log entry (if not in military time) and,

the number of transactions that have occurred in the store within that 15 minute

period since the previous 15 minute period, with each entry being one line per

log entry; for every Saturday of the year of 2015.

16(c). The Plaintiff is also requesting that this same data described in this

section (16) be provided in the format of Microsoft Excel 2007-2013 XML

(.xlsx), in addition to being also provided in Text CSV (.csv) format.

DATED:    April __, 2018


_____

MICHAEL J. ROTONDO

Plaintiff

408 Weatheridge Dr.

Camillus, NY 13031

*Exhibit K*



# CARTER | CONBOY

### ATTORNEYS AT LAW

Brienna L. Christiano
Associate
Email: bchristiano@carterconboy.com

May 15, 2018

**<u>VIA E-MAIL</u> - <u>m.j.rotondo@gmail.com</u>**
**<u>AND FIRST CLASS MAIL</u>**
Michael Joseph Rotondo
408 Weatheridge Drive
Camillus, NY 13031

Re:   Rotondo v. Best Buy Stores, LLC
Our file: 28806

Dear Mr. Rotondo:

As you know, our office represents Best Buy Stores, LLC relative to the above-referenced matter. Please accept this correspondence as our good faith effort to complete depositions prior to the court-ordered deadline of June 4, 2018.

At the telephone conference before Magistrate Judge Peebles on May 10, 2018, you indicated that you plan to depose Samantha Precourt and Mary. As you know, Samantha Precourt is no longer an employee of Best Buy. In addition, while you have not provided a last name for Mary to enable us to confidently identify this employee, we are aware of an employee named Mary Davis who is no longer employed by Best Buy.

These employees will need to be subpoenaed for testimony. Prior to serving these subpoenas, please advise of the date on which you plan to subpoena these employees for testimony, so that we may ensure that our office is available to appear for same.

Please notify our office immediately if you plan to take different or additional depositions from those discussed herein, so that we may agree to mutually convenient times to hold those depositions.

Thank you for your attention.

Very truly yours,

*Brienna Christiano*

BRIENNA L. CHRISTIANO

BLC:mmk

---

**CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C.**

Case 5:17-cv-00522-DNH-DEP    Document 67-2    Filed 06/15/18    Page 49 of 85

 Gmail

Mike Rotondo <m.j.rotondo@gmail.com>

---

## Rotondo v. Best Buy Stores, LLC /Our File: 28806

2 messages

---

**Melissa M. Kelly** <mkelly@carterconboy.com>          Tue, May 15, 2018 at 10:44 AM
To: "m.j.rotondo@gmail.com" <m.j.rotondo@gmail.com>

### CARTER CONBOY

Attorneys and Counselors at Law

**Please forward any response to this e-mail directly to bchristiano@carterconboy.com**

Please see the attached.

Thank you.



**Melissa M. Kelly**

Legal Secretary

**W:** www.carterconboy.com

**P:** (518) 465-3484   **F:** (518) 465-1843

**E:** mkelly@carterconboy.com

**A:** 20 Corporate Woods Blvd., Suite 500, Albany, NY 12211

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C. CONFIDENTIALITY NOTICE: This email contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the email, or any information contained in the email. If you have received the communication in error, please delete the email and advise the sender by reply email.



📄 **Letter to Rotondo re depositions.pdf**
62K

---

**Mike Rotondo** <m.j.rotondo@gmail.com>                                    Tue, May 15, 2018 at 1:04 PM
To: "Brienna L. Christiano" <bchristiano@carterconboy.com>
Cc: jresila@carterconboy.com

I had called your firm yesterday May 14th, and talked to your calendar person, who was named Sarah I believe, and I had mentioned that I wanted to depose Samantha Precourt and Joshua Louie and, Mr.Murphy was aware of these changes on Thursday May 10th.

Also, we do not have the time for these letter correspondences.

Please return to me the checks for Mary, and Mariah Goddard.

 **Gmail**

**Mike Rotondo <m.j.rotondo@gmail.com>**

---

## Scheduling Depositions - Rotondo v. Best Buy Stores, LLC

10 messages

---

**Sarah R. Greaves** <sgreaves@carterconboy.com>                    Tue, May 15, 2018 at 2:02 PM
To: Mike Rotondo <m.j.rotondo@gmail.com>

Good afternoon Mr. Rotondo. Please advise of your availability for the depositions of Samantha Precourt and Joshua Louie to be held at the US District Court, Northern District of New York in Syracuse. I will then check your proposed dates against Mr. Murphy's calendar for mutually agreeable dates.


Thank you,


**Sarah R. Greaves**

Scheduling Coordinator



W: www.carterconboy.com

P: (518) 465-3484   F: (518) 465-1843

E: sgreaves@carterconboy.com

A: 20 Corporate Woods Blvd., Suite 500, Albany, NY 12211

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C. CONFIDENTIALITY NOTICE: This email contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the email, or any information contained in the email. If you have received the communication in error, please delete the email and advise the sender by reply email.



---

**Mike Rotondo** <m.j.rotondo@gmail.com>                    Tue, May 15, 2018 at 2:24 PM
To: "Sarah R. Greaves" <sgreaves@carterconboy.com>

Both Samantha Precourt and Josh Louie for:

June 12th 1:00 pm

One Lincoln Center

110 West Fayette Street, Suite 750

Syracuse, New York 13202

Also, do you have a response to those checks that I've asked you to return to me?

---

**Sarah R. Greaves** <sgreaves@carterconboy.com>                Tue, May 15, 2018 at 2:46 PM
To: Mike Rotondo <m.j.rotondo@gmail.com>

The checks will be sent back to you. There is a 6/4 discovery deadline on this matter. Please provide your availability through 6/4. Also, we would like to hold the depositions at the US District Court, Northern District of New York in Syracuse.

Thank you,



**Sarah R. Greaves**

Scheduling Coordinator

W: www.carterconboy.com

P: (518) 465-3484  F: (518) 465-1843

E: sgreaves@carterconboy.com

A: 20 Corporate Woods Blvd., Suite 500, Albany, NY 12211

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C. CONFIDENTIALITY NOTICE: This email contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the email, or any information contained in the email. If you have received the communication in error, please delete the email and advise the sender by reply email.



**From:** Mike Rotondo [mailto:m.j.rotondo@gmail.com]
**Sent:** Tuesday, May 15, 2018 2:24 PM

6/2/2018                          Gmail - Scheduling Depositions - Rotondo v. Best Buy Stores, LLC

**To:** Sarah R. Greaves <sgreaves@carterconboy.com>
**Subject:** Re: Scheduling Depositions - Rotondo v. Best Buy Stores, LLC

[Quoted text hidden]

**From:** Sarah R. Greaves
**Sent:** Tuesday, May 15, 2018 2:03 PM
**To:** 'Mike Rotondo' <m.j.rotondo@gmail.com>
**Subject:** Scheduling Depositions - Rotondo v. Best Buy Stores, LLC

[Quoted text hidden]

---

**Mike Rotondo** <m.j.rotondo@gmail.com>                          Tue, May 15, 2018 at 3:17 PM
To: "Sarah R. Greaves" <sgreaves@carterconboy.com>

I need enough time to receive from the court, then serve, a rule 45 subpoena, 6/4 doesn't allow for enough time for that, and we may hold depositions whenever we agree is reasonable so I don't see why I should have to risk failure to serve.

Holding the deposition at the Federal building sounds reasonable, but I'm already familiar with the office of precision reports, why do you want to make it at an unfamiliar place?

---

**Mike Rotondo** <m.j.rotondo@gmail.com>                          Wed, May 16, 2018 at 10:55 AM
To: "Sarah R. Greaves" <sgreaves@carterconboy.com>

I expect to be in downtown Syracuse today for several hours, with my rule 45 subpoena available to me. Please contact me about these depositions so I may request the clerk to sign my rule 45 subpoena with plenty of time to serve it.

---

**Sarah R. Greaves** <sgreaves@carterconboy.com>                          Wed, May 16, 2018 at 11:00 AM
To: Mike Rotondo <m.j.rotondo@gmail.com>

Per our discussion yesterday, I am waiting for you to send me your available dates (during the month of June as you requested).

Thanks,



**Sarah R. Greaves**

Scheduling Coordinator

W: www.carterconboy.com

**P:** (518) 465-3484  **F:** (518) 465-1843

**E:** sgreaves@carterconboy.com

**A:** 20 Corporate Woods Blvd., Suite 500, Albany, NY 12211

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C. CONFIDENTIALITY NOTICE: This email contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the email, or any information contained in the email. If you have received the communication in error, please delete the email and advise the sender by reply email.



**From:** Mike Rotondo [mailto:m.j.rotondo@gmail.com]
**Sent:** Wednesday, May 16, 2018 10:55 AM
**To:** Sarah R. Greaves <sgreaves@carterconboy.com>
**Subject:** Re: Scheduling Depositions - Rotondo v. Best Buy Stores, LLC

I expect to be in downtown Syracuse today for several hours, with my rule 45 subpoena available to me. Please contact me about these depositions so I may request the clerk to sign my rule 45 subpoena with plenty of time to serve it.

---

**Mike Rotondo** <m.j.rotondo@gmail.com>                    Wed, May 16, 2018 at 11:02 AM
To: "Sarah R. Greaves" <sgreaves@carterconboy.com>

Per our discussion, you were supposed to call me. Anytime after June 12th should be fine for me.

---

**Sarah R. Greaves** <sgreaves@carterconboy.com>              Wed, May 16, 2018 at 11:08 AM
To: Mike Rotondo <m.j.rotondo@gmail.com>

We discussed 6/7 yesterday, have you confirmed whether or not you are available? As of right now, Mr. Murphy also has availability on 6/22, 6/26, 6/28 and 6/29.

Thank you,

**Sarah R. Greaves**



**CARTER | CONBOY**

**ATTORNEYS AT LAW**
*Timeless Integrity. Tireless Counsel.*

Scheduling Coordinator

**W:** www.carterconboy.com

**P:** (518) 465-3484   **F:** (518) 465-1843

**E:** sgreaves@carterconboy.com

**A:** 20 Corporate Woods Blvd., Suite 500, Albany, NY 12211

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C. CONFIDENTIALITY NOTICE: This email contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the email, or any information contained in the email. If you have received the communication in error, please delete the email and advise the sender by reply email.



**From:** Mike Rotondo [mailto:m.j.rotondo@gmail.com]
**Sent:** Wednesday, May 16, 2018 11:03 AM
**To:** Sarah R. Greaves <sgreaves@carterconboy.com>
**Subject:** Re: Scheduling Depositions - Rotondo v. Best Buy Stores, LLC

Per our discussion, you were supposed to call me. Anytime after June 12th should be fine for me.

---

**Mike Rotondo** <m.j.rotondo@gmail.com>                    Wed, May 16, 2018 at 11:14 AM
To: "Sarah R. Greaves" <sgreaves@carterconboy.com>

What's his availability between 6/7 and 6/18?

---

**Sarah R. Greaves** <sgreaves@carterconboy.com>            Wed, May 16, 2018 at 11:26 AM
To: Mike Rotondo <m.j.rotondo@gmail.com>

Hi Mr. Rotondo. I just spoke with Mr. Murphy and as mentioned in my previous emails, there is a discovery deadline of 6/4, for the referenced matter. We do in fact need to have all depositions completed no later than 6/4. Please disregard any emails I sent you with our June availability, as these available dates no longer apply to this matter. As originally requested, please provide me with your availability through 6/4. Should you have any questions, please feel free to contact me.

Thank you,



**Sarah R. Greaves**

Scheduling Coordinator

**W:** www.carterconboy.com

**P:** (518) 465-3484  **F:** (518) 465-1843

**E:** sgreaves@carterconboy.com

**A:** 20 Corporate Woods Blvd., Suite 500, Albany, NY 12211

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C. CONFIDENTIALITY NOTICE: This email contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the email, or any information contained in the email. If you have received the communication in error, please delete the email and advise the sender by reply email.



**From:** Mike Rotondo [mailto:m.j.rotondo@gmail.com]
**Sent:** Wednesday, May 16, 2018 11:15 AM
**To:** Sarah R. Greaves <sgreaves@carterconboy.com>
**Subject:** Re: Scheduling Depositions - Rotondo v. Best Buy Stores, LLC

What's his availability between 6/7 and 6/18?

Exhibit N

Michael Rotondo

408 Weatheridge Dr.

Camillus, NY 13031

May 21, 2018

Carter and Conboy

20 Corporate Woods Boulevard

Albany, NY 12211-2396

**This letter is in response to Defendant's letter to the Plaintiff, itself dated May 15, 2018.**

Dear Carter and Conboy,

1. The Plaintiff had called your firm on May 14th, and talked to your calendar person, whom he believes was named Sarah, and had mentioned to her that he wanted to depose Samantha Precourt and Joshua Louie.

2. To the best of the Plaintiff's recollection, he had affirmatively represented that he was both, no longer interested in deposing either Mary or Mariah Goddard and, seeking a deposition of Joshua Louie and Samantha Precourt, at the telephone conference of Thursday May 10th and, that this same claim is demonstrated as fact within the record of that same conference.

3. The Plaintiff had requested that some of the checks that he had send the Defendant be returned to him. The Plaintiff had specified specifically which checks he wished returned to him, in an email to Defendant. The Plaintiff subsequently referenced those same checks requested in this same email, in a subsequent email. The check of Joshua Louie was never requested to be returned to the Plaintiff, and no

communication between the Plaintiff and the Defendant could have been construed otherwise.

4. With consideration of the events described in paragraphs 1, 2, and 3, the Defendant had sent Joshua Louie's check back to the Plaintiff, along with the checks that the Plaintiff requested returned.

5. The Defendant was unwilling to allow the Plaintiff reasonable time to serve a Rule 45 subpoena onto Samantha Precourt, the court has denied a telephone conference regarding this same Rule 45 subpoena.

6. The Plaintiff has included in this letter to the Defendant, the check for Joshua Louie, that was inappropriately returned to him.

7. The Plaintiff is requesting the Defendant's availability, to produce for deposition Joshua Louie. The Plaintiff is proposing the date of June 4, 2018 for this same deposition of Joshua Louie.

Please respond with Defendant's availability to produce for deposition defendant's own Joshua Louie.

Regards,

_____

MICHAEL J. ROTONDO
Plaintiff
408 Weatheridge Dr.
Camillus, NY 13031

Exhibit O

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL JOSEPH ROTONDO,

                    Plaintiff,

                                                **RESPONSE TO REQUEST FOR**
                                                **DISCOVERY AND ADMISSIONS**
            -against-                           **Civil Case No. 5:17-CV-522 DNH/DEP**

BEST BUY STORES, LLC,

_____
                    Defendant.

        Defendant, Best Buy Stores, LLC, by and through its counsel, Carter, Conboy,

Case, Blackmore, Maloney & Laird, P.C., as and for a response to plaintiff's Request for

Documents, Interrogatories, and Admissions, responds as follows,

                            **PRELIMINARY STATEMENT**

        The following answers are provided solely for the purposes of the instant litigation.

Defendant Best Buy Stores, LLC (hereinafter "answering defendant"), reserves all

objections as to competency, relevancy, materiality and admissibility of all responses,

information, materials and documents or the subject matter thereof, all objections as to

burden, vagueness, over breadth and ambiguity, as well as all rights to object on any

ground to the use of, including the exclusion of, any response, information, materials and

documents, or the subject matter thereof, in any subsequent proceeding, including

without limitation this or any other action. All objections are reserved and may be raised

at the time of trial.

        The answering defendant has not completed its investigation of the facts relating

to this case and have not completed trial preparation. The responses are based upon the

information presently available to the answering defendant and are submitted without

prejudice to its right to utilize subsequently discovered facts and said defendant hereby reserves its right to revise, correct, supplement or clarify these objections and/or responses now made or made hereinafter. Furthermore, a failure to object herein shall not constitute a waiver of any objection that the answering defendant may interpose as to any future supplemental response.

## GENERAL OBJECTIONS

The answering defendant hereby objects to these Request for Documents, Interrogatories, and Admissions to the extent that they seek the disclosure of any information subject to the work product doctrine, attorney-client privilege and/or other applicable privileges and to the extent that they seek documents and/or materials protected from discovery due to the incorporation of any impressions, conclusions, opinions, legal research and/or theories of said defendant within such documents and/or materials.

If any information within the scope of the attorney-client privilege and/or the attorney work product doctrine is inadvertently disclosed, the answering defendant reserves its right to assert those privileges at any time throughout the pendency of this action. In addition, all evidentiary objections are reserved and no waiver of objection is to be implied from any response below.

The answering defendant further objects to these Request for Documents, Interrogatories, and Admissions to the extent that they attempt to impose upon said defendant any requirement or duty to respond which transcends the Federal Rules of Civil Procedure and/or Local Rules.

2

Each response and objection asserted below is based upon the answering defendant's understanding of the Request for Documents, Interrogatories, and Admissions.  To the extent that plaintiff asserts an interpretation of any Request for Documents, Interrogatories, and Admissions that is inconsistent with the answering defendant's understanding, said defendant hereby reserves the right to supplement their responses and/or objections.

The foregoing objections apply to each of the Request for Documents, Interrogatories, and Admissions served upon the answering defendant and are incorporated by reference within each separate and distinct response. Neither the failure to specifically mention a General Objection in any answer or response, nor the specification of any other objection, shall be deemed a waiver of any objection to any discovery request.

## REQUEST TO ADMIT

**Request No. 1:**    **The Plaintiff is requesting for admission that, the Defendant had terminated the Plaintiff for not amending his work-availability schedule to include the availability for work on Saturdays.**

Response No. 1:    Answering defendant admits only that plaintiff was instructed that he was required to comply with Best Buy's Availability Standards, and otherwise deny that plaintiff was terminated.

**Request No. 2:**    **The Plaintiff is requesting for admission that, other single parents who were females, were not treated the same way as the Plaintiff was by the Defendant.**

3

Response No. 2:      Answering defendant hereby objects to this particular request as propounded, as it calls for a legal conclusion, opinion and/or argument, and therefore exceeds the scope of permissible discovery under Rule 36.   Without waiving this objection, answering defendant denies that plaintiff was treated differently than other single parents who were females.

**Request No. 3:        The Plaintiff is requesting for admission that, the number of transactions that have occurred within each and every 15 minute period, since the previous 15 minute period, that any Best Buy Store is open, can be used to effectively represent the staffing needs of that same Best Buy store, and the staffing needs of any corresponding mobile department located within that same store, for those same 15 minute time period(s).**

Response No. 3:      Answering defendant hereby objects to this particular request as propounded, as it requires defendant to admit or deny matters within the knowledge of nonparties.  Without waiving this objection, answering defendant admits only that the number of transactions is one measure that could be analyzed by answering defendant to assess staffing needs at any Best Buy store.

<u>**INTERROGATORIES**</u>

**Interrogatory No. 4:   Was the "Disposition Reason" of "Better Suited Candidate Selected – Education", described on page 22 of the "Exhibit A to Rule 26 Disclosure", itself referring to Josh Louie's "education" as a cellular phone app developer?**

**Response No. 4:** Answering defendant hereby objects to this particular request as propounded, as it requires defendant to admit or deny matters within the knowledge

4

of nonparties, seeks information irrelevant and/or immaterial to the subjection action, and seeks privileged and/or confidential information.   Without waiving this objection, answering defendant admits only that this document states "Disposition Reason: Better Suited Candidate Selected – Education."   BBS00277.   To the extent that plaintiff is seeking the intent of this statement, answering defendant objects to that particular request as it calls for speculation and conjecture, as it relates to a statement of a former employee.

**Interrogatory No. 5:   What was the retail experience of Josh Louie, previous to his employment with Best Buy, with the names of those previous retail employers, and the duration of Josh's employment with those previous employers?**

**Response No. 5:** Answering defendant hereby objects to this particular request as propounded, as it requires defendant to admit or deny matters within the knowledge of nonparties, seeks information irrelevant and/or immaterial to the subjection action, and seeks privileged and/or confidential information.

**Interrogatory No. 6:   Was the Defendant aware that the Plaintiff had a young son, which he saw on each and every Saturday, for the entire day on those same Saturdays?**

**Response No. 6:** Answering defendant hereby objects to this particular request a propounded, as it requires defendant to admit or deny matters within the knowledge of nonparties, seeks information irrelevant and/or immaterial to the subject action, and calls for speculation and/or conjecture.  Without waiving said objections, defendant admits only that plaintiff referenced a "baby momma" on his emergency contact form in 2012. BBC00212.  Defendant lacks knowledge and information sufficient to enable them to

5

either admit or deny plaintiff's alleged child custody arrangements during his employment with Best Buy. To the extent applicable, answering defendant refers plaintiff to the "Order of Custody and Parenting Time" dated October 28, 2011 which ordered parenting time as follows:

1. Each and every Tuesday, from 1:00 p.m. until 9:00 p.m.;

2. Each and every Friday, from 1:00 p.m. until 9:00 p.m.;

3. Each and every Sunday, from 10:00 a.m. until 6:00 p.m.;

4. One overnight per week, from 6:00 p.m. until 12:00 p.m. the following day, on the day of the week as mutually agreed by the parties[.]

. See, Response to Interrogatories and Request for Production of Documents.

**Interrogatory No. 7:  Was the Defendant aware that the Plaintiff had a young son, which he saw on each and every Saturday, for the entire day on those same Saturdays, on or shortly after the Plaintiff's hiring in 2012?**

**Response No. 7:** Answering defendant hereby objects to this particular request as propounded, as it requires defendant to admit or deny matters within the knowledge of nonparties, seeks information irrelevant and/or immaterial to the subject action, and calls for speculation and/or conjecture. Without waiving said objections, defendant admits only that plaintiff referenced a "baby momma" on his emergency contact form in 2012. BBC00212. Defendant lacks knowledge and information sufficient to enable them to either admit or deny plaintiff's alleged child custody arrangements during his employment with Best Buy in 2012.

6

Interrogatory No. 8:  Did the Defendant consistently and perpetually place the Plaintiff in the "portable audio" or "networking" sections of his department, while other employees with less experience then the Plaintiff placed in the cellular-phone section?

Response No. 8:  Answering defendant hereby objects to this particular request a propounded, as it requires defendant to admit or deny matters within the knowledge of nonparties, seeks information irrelevant and/or immaterial to the subject action, and calls for speculation and/or conjecture.  Without waiving said objections, defendant admits only that plaintiff was employed in the Wireless Sales Department.  Answering defendant denies that there is any significance in plaintiff's placement in either department. Defendant lacks knowledge and information sufficient to enable them to either admit or deny this request to the extent that it seeks information about the "experience" of other employees.

## REQUEST TO DEPOSE

9–12.  These demands do not require a response.  Answering defendant relies on Rules 30 and 45 of the Federal Rules of Civil Procedure for the proper and appropriate procedure for party and non-party depositions.

## REQUEST FOR DOCUMENTS

13.      Answering defendant hereby objects to this particular request as propounded, as it is vague, ambiguous and incomprehensible as propounded.  To the extent that plaintiff is requesting the "Availability Data Spreadsheet," "Punch Data Spreadsheet," "Schedule Data Spreadsheet," and "Timesheet Data" in Microsoft Excel and Text CSV formats, same is annexed hereto as "Exhibit A."

7

14.    Answering defendant hereby objects to this particular request as propounded, as it seeks information irrelevant and/or immaterial to the subject action, seeks privileged and/or confidential information. Without waiving said objections, due to document retention policies, "Availability Change" requests and details are no longer available. Copies of partially redacted Availability Spreadsheets have been annexed as part of Exhibit "A" to Defendant's Second Supplemental Rule 26 Disclosure. *See,* (BBS00527-BBS00558).

15.    Answering defendant hereby objects to this particular request as propounded, as it seeks information irrelevant and/or immaterial to the subject action, and as it is vague and incomprehensible. Without waiving said objections, due to document retention policies, "Availability Change" requests and details are no longer available. Answering defendant disclosed plaintiff's "Availability Data" as part of Exhibit A to its Supplemental Rule 26 Disclosure (BBS00278–280) and has provided this data in two additional formats as part of Exhibit A, herein.

16.

    a.    Answering defendant hereby objects to this particular request as propounded, as it seeks information, as it is overbroad in scope, seeks information irrelevant and/or immaterial to the subject action, seeks privileged and/or confidential information and is incomprehensible. Furthermore, answering defendants object to this demand to the extent that it is requesting that answering defendants produce documents in a format other than the manner in which they were maintained in the ordinary course of business. *See,* Pass & Seymour, Inc. v. Hubbell, Inc., 255 F.R.D. 331,

8

333-334 (N.D.N.Y. 2008); Federal Rule of Civil Procedure 34(b)(2). Without waiving said objection, answer defendant disclosed the mobile department employees' availability data as part of Exhibit A to defendant's Second Supplemental Rule 26 Disclosure (BBS00527-BBS00558).

b. Answering defendant hereby objects to this particular request as propounded, as it seeks information, as it is overbroad in scope and seeks information irrelevant and/or immaterial to the subject action. Furthermore, answering defendants object to this demand to the extent that it is requesting that answering defendants produce documents in a format other than the manner in which they were maintained in the ordinary course of business. *See*, Pass & Seymour, Inc. v. Hubbell, Inc., 255 F.R.D. 331, 333-334 (N.D.N.Y. 2008); Federal Rule of Civil Procedure 34(b)(2). Without waiving said objections, a copy of the transaction data for the subject store has been annexed as part of Exhibit "A" to Defendant's Second supplemental Rule 26 Disclosure. *See*, (BBS00559-BBS0061).

c. Answering defendant hereby objects to this particular request, as answering defendant has objected to providing plaintiff with the names of these employees, as such information is confidential, immaterial and/or irrelevant to the present action.

9

**PLEASE TAKE NOTICE**, that answering defendant reserves its right to supplement these responses pursuant to the Local Rules and/or the Federal Rules of Civil Procedure up to and including the time of trial.

DATED: May 17, 2018

BEST BUY ENTERPRISE SERVICES, INC.

JASON KOLLBAUM
General Manager, Store 538

DATED: May 21, 2018

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By
MICHAEL J. MURPHY
Bar Roll No.: 102244
Attorneys for Defendant, Best Buy Stores, LLC
Office and P.O. Address
20 Corporate Woods Boulevard
Albany, NY  12211-2396
Phone:  (518) 465-3484
E-Mail: mmurphy@carterconboy.com

TO: MICHAEL JOSEPH ROTONDO
Plaintiff, Pro Se
408 Weatheridge Drive
Camillus, NY  13031

10

 **Gmail**

**Mike Rotondo <m.j.rotondo@gmail.com>**

---

## Deposition

6 messages

---

**Mike Rotondo** <m.j.rotondo@gmail.com>                    Mon, May 21, 2018 at 3:11 PM
To: "Brienna L. Christiano" <bchristiano@carterconboy.com>

   Just reiterating my conversation with Sarah with you,

   We've confirmed the deposition of Joshua Louie, at the Federal building on May 31, at 10am, room to be determined.

---

**Brienna L. Christiano** <bchristiano@carterconboy.com>          Mon, May 21, 2018 at 3:19 PM
To: Mike Rotondo <m.j.rotondo@gmail.com>
Cc: "Michael J. Murphy" <mmurphy@carterconboy.com>


   Mr. Rotondo,


   We confirm that we will appear at the subpoenaed non-party deposition of Josh Louie on May 31, 2018 at
   10:00 a.m. at the courthouse.



   Thank you,



   Brienna




                        **Brienna L. Christiano**


                        Associate


                        **W:** www.carterconboy.com



                        **P:** (518) 465-3484   **F:** (518) 465-1843


                        **E:** bchristiano@carterconboy.com


                        **A:** 20 Corporate Woods Blvd., Suite 500, Albany, NY 12211

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C. CONFIDENTIALITY NOTICE: This email contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the email, or any information contained in the email. If you have received the communication in error, please delete the email and advise the sender by reply email.



Web: www.carterconboy.com

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C. DISCLOSURES:

CONFIDENTIALITY NOTICE: This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the message, or any information contained in the message. If you have received the message in error, please delete the message and advise the sender by reply email.

IRS CIRCULAR 230 NOTICE: To ensure compliance with Internal Revenue Service Circular 230, we inform you that any discussion of a U.S. federal tax issue contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** Mike Rotondo [mailto:m.j.rotondo@gmail.com]
**Sent:** Monday, May 21, 2018 3:11 PM
**To:** Brienna L. Christiano <bchristiano@carterconboy.com>
**Subject:** Deposition

Just reiterating my conversation with Sarah with you,

We've confirmed the deposition of Joshua Louie, at the Federal building on May 31, at 10am, room to be determined.

---

**Mike Rotondo** <m.j.rotondo@gmail.com>                        Mon, May 21, 2018 at 3:22 PM
To: "Brienna L. Christiano" <bchristiano@carterconboy.com>

Josh is an employee of the defendant, and I've requested that you produce him, so I'm expecting that you will produce him for that deposition. On May 31st at 10 am at the Federal building.

---

**Brienna L. Christiano** <bchristiano@carterconboy.com>         Mon, May 21, 2018 at 3:26 PM
To: Mike Rotondo <m.j.rotondo@gmail.com>
Cc: "Michael J. Murphy" <mmurphy@carterconboy.com>

Mr. Rotondo,

Mr. Louie is not an employee of Best Buy, nor has it been represented that he is an employee of Best Buy.

Thank you,

Brienna

**Brienna L. Christiano**

Associate



W: www.carterconboy.com

P: (518) 465-3484   F: (518) 465-1843

E: bchristiano@carterconboy.com

A: 20 Corporate Woods Blvd., Suite 500, Albany, NY 12211

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C. CONFIDENTIALITY NOTICE: This email contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the email, or any information contained in the email. If you have received the communication in error, please delete the email and advise the sender by reply email.



Web:  www.carterconboy.com

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C. DISCLOSURES:

CONFIDENTIALITY NOTICE: This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the message, or any information contained in the message. If you have received the message in error, please delete the message and advise the sender by reply email.

IRS CIRCULAR 230 NOTICE: To ensure compliance with Internal Revenue Service Circular 230, we inform you that any discussion of a U.S. federal tax issue contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the

purpose of (i) avoiding penalties under the Internal Revenue Code: or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** Mike Rotondo [mailto:m.j.rotondo@gmail.com]
**Sent:** Monday, May 21, 2018 3:22 PM
**To:** Brienna L. Christiano <bchristiano@carterconboy.com>
**Subject:** Re: Deposition

Josh is an employee of the defendant, and I've requested that you produce him, so I'm expecting that you will produce him for that deposition. On May 31st at 10 am at the Federal building.

---

**Mike Rotondo** <m.j.rotondo@gmail.com>                                       Mon, May 21, 2018 at 3:40 PM
To: "Brienna L. Christiano" <bchristiano@carterconboy.com>

Your firm has corroborated the setting forth that Joshua Louie is an employee of best buy, by not representing that he is not an employee of best buy, while simultaneously representing that other people named by the plaintiff as employees of best buy, in the same instance(s) that this same Josh was represented as an employee of best buy, have been represented by yourselves the defendant as no longer being employees of best buy.

Also, the letter your firm has responded to, with the scheduling of the deposition of Joshua Louie, states that Josh's check is included, meaning it is considered that it would be provided by you. From this, your firm then set forth the scheduling of a deposition of Joshua Louie as a third party witness.

I'm denying your firms claim that you had consideration that Joshua Louie's deposition was being set forth as a deposition of a third party.

From this, the May 31 deposition of Josh Louie is cancelled. Please forward this email to Sarah so she may confirm this same cancellation.

Regards

Mike Rotondo

---

**Mike Rotondo** <m.j.rotondo@gmail.com>                                       Thu, May 24, 2018 at 4:54 PM
To: "Michael J. Murphy" <mmurphy@carterconboy.com>
Cc: "Brienna L. Christiano" <bchristiano@carterconboy.com>
Bcc: "Sarah R. Greaves" <sgreaves@carterconboy.com>, tcozzy@carterconboy.com

Could someone kindly confirm that they are in receipt of this, so we may confirm the cancellation of the deposition of Joshua Louie, on your end?

---------- Forwarded message ----------
From: Mike Rotondo <m.j.rotondo@gmail.com>
Date: Mon, May 21, 2018, 3:40 PM

Subject: Re: Deposition
To: Brienna L. Christiano <bchristiano@carterconboy.com>


[Quoted text hidden]

## Performance Counseling Record (PCR)

Managers must complete all areas thoroughly and legibly.

| Employee Name | Michael rotondo | Employee Job Title | Sales Consultant |
|---|---|---|---|
| Employee Number | 542953 | Location | 538 |

### Reason for Performance Counseling: (Choose one)

- ☐ Inappropriate Conduct
- ☐ Unacceptable Performance
- ☐ Unauthorized Removal/possession of Company property
- ☐ Destruction or misuse of Company property
- ☐ Falsification of Records
- ☐ Violation of rule / policy
- ☒ Attendance
- ☐ Other:

### Describe facts and circumstances of violation(s); including relevant dates and times (Please be specific).

Michael did not arrive to work for his schedule shift of 5:00pm – 9:30pm on October 31st 2015. Michael did not notify a manger that he would not be coming in to work his shift on that day. This is considered a No Call No Show.

### Employee Comments

Should you disagree with any of the information contained in this document, you may explain your position below or submit a separate written explanation.

Michael says this shift was scheduled outside of his availability so therefore is invalid, however Michael's current availability does not meet the company minimum requirements for employment which Michael has been told and has failed to adjust to meet these requirements.

- Michael Notified Mariah 1 week prior that he would not be showing up for that shift

### Summarize any prior incidents related to the violation.

| Date of incident | Level of discipline (Action taken) | Description |
|---|---|---|
| | | |
| | | |
| | | |

### Action Taken

- ☐ Informal Discussion**
- ☐ Written Warning
- ☐ Termination (must first contact HRSC/ERCM at 1-866-MY-BBY-HR)
- ☒ Final Warning (With Action Plan, if appropriate)
  - ☐ *Check Here if Action Plan is Attached*
- ☐ Demotion (must first contact HRSC/ERCM at 1-866-MY-BBY-HR)

**Employee Signature is not required.*

### Describe expected change/improvement in employee's behavior/conduct in terms of specific performance objectives and observable behaviors.

Michael MUST notify a Manager On Duty at least 2 hours prior to the start of his scheduled shift if he is unable to work that shift, this does NOT excuse the absence. Failure to report to work OR notify a Manager On Duty 2 hours AFTER the start of a scheduled shit will be considered a No Call No Show. Michael will be on final warning for No Call No Show for the next 12 months, which means within 12 months a second No Call No Show will result in eligibility for termination as per the Attendance / Punctuality Policy.





STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
ADMINISTRATIVE LAW JUDGE SECTION
450 S. SALINA ST., 3d FL, RM 301
SYRACUSE NY 13202
(315) 479-3380
FAX:(315) 479-3418

**JAYSON S. MYERS**
**CHIEF ADMINISTRATIVE LAW JUDGE**
**TERESA A. DEMEO**
**CHRISTOPHER M. TATE**
**MATTHEW J. TIERNEY**
**PRINCIPAL ADMINISTRATIVE LAW JUDGE**

**HERBERT C. FOWLER**
**SENIOR ADMINISTRATIVE LAW JUDGE**

### *DECISION AND NOTICE OF DECISION*
### *DECISIÓN Y AVISO DE LA DECISIÓN TOMADA*

A.L.J. Case No. 116-00386

Mailed and Filed: February 25, 2016

IN THE MATTER OF:

**MICHAEL ROTONDO**
**408 WEATHERIDGE DR**
**CAMILLUS NY 13031**

**BEST BUY STORES LP**
**9090 DESTINY USA DRIVE**
**SYRACUSE NY 13204**

**EQUIFAX**
**PO BOX 6012**
**PEABODY MA 01961-6012**

Department of Labor Office: 801

Hearing Requested: January 19, 2016

**PLEASE TAKE NOTICE** that this decision has been duly mailed on the date listed above. If you appeared at the hearing and are not satisfied with this decision, you may appeal within **TWENTY DAYS** from the date this decision was mailed. **READ IMPORTANT INFORMATION ON REVERSE SIDE REGARDING YOUR RIGHT TO APPEAL.** Any party who failed to appear at the hearing has the right to apply to reopen the case. For the application to be granted, the party must apply within a reasonable time and must establish good cause for its failure to appear.

**POR FAVOR TOME NOTA:** esta decisión ha sido debidamente enviada por correo la fecha que aparece arriba. Si usted asistió a la audiencia y no está satisfecho con la decisión, puede apelar dentro de **VEINTE DIAS** contados a partir de la fecha en que esta decisión fue enviada por correo. **LEA LA INFORMACIÓN IMPORTANTE AL REVERSO SOBRE SUS DERECHOS DE APELACIÓN.** Cualquiera de las partes que falle en comparecer a la audiencia, tiene el derecho de solicitar que se reabra su caso. Para que dicha solicitud sea otorgada, la parte interesada debe solicitarlo dentro de un periodo de tiempo razonable y debe establecer buena causa por no haber comparecido a la audiencia.

**DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)**

ISSUES:    Loss of employment through misconduct.

The Department of Labor issued the initial determination disqualifying the claimant from receiving benefits effective December 4, 2015, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by BEST BUY STORES LP prior to December 4, 2015, cannot be used toward the establishment of a claim for benefits. The claimant requested a hearing.

A hearing was held at which testimony was taken. There were appearances by the claimant and on behalf of the employer.

A.L.J. Case No.116-00386        MICHAEL ROTONDO                    Page 2
                                NOTICE OF DECISION

**CLAIMANTS**

**IF YOU DISAGREE WITH THIS DECISION, YOU HAVE A RIGHT TO APPEAL TO THE UNEMPLOYMENT INSURANCE APPEAL BOARD.**

Parties may be represented by lawyers or other persons of their choice on appeal to the Appeal Board. For representing a claimant, a lawyer or an agent registered by the Appeal Board may charge a fee. The fee must be approved by the Appeal Board before payment may be accepted by such lawyer or agent. No other person may charge a fee for representing a claimant. If you do not have enough money to hire a lawyer or registered agent, you may be able to get one free through your local Legal Aid Society or Legal Services Program.

**TO APPEAL A DECISION**

1. Continue to follow all instructions from the Unemployment Insurance office where you originally filed your claim and to certify for benefits as long as you are unemployed and claiming benefits. This will protect your rights to any benefits you claim.

2. Within twenty (20) days of the date printed on the face of this decision, mail a letter to the office where you originally filed your claim or to the Appeal Board at P.O. Box 15126, Albany, New York 12212-5126, or fax your appeal to the Appeal Board at (518) 402-6208. Please state that you wish to appeal and the reasons for your appeal. Include your ALJ Case Number (found just above your name on the face of the Notice of Decision) and a copy of the Notice of Decision.

3. Claimants who appeal are **not** required to pay a deposit on filing an appeal.

**EMPLOYERS**

If you wish to appeal this decision, you may file a notice of appeal within twenty (20) days from the date printed on the face of this decision to the office where the claim was originally filed and which issued the determination, or to the Unemployment Insurance Appeal Board at P.O. Box 15126, Albany, New York 12212-5126, or you may fax your notice of appeal to the Appeal Board at (518) 402-6208. Such notice of appeal should include the A.L.J. Case Number (found on the face of this Notice of Decision), the reason(s) for the appeal and a copy of the Notice of Decision.

**ALL PARTIES WILL RECEIVE A NOTICE OF RECEIPT OF APPEAL DIRECTLY FROM THE APPEAL BOARD AFTER ANY APPEAL IS MADE.**

**INSTRUCCIONES A LOS RECLAMANTES**
**RECLAMANTES**

**SI NO EST" DE ACUERDO CON ESTA DECISIPN, USTED TIENE DERECHO DE APELARLA A LA JUNTA DE APELACIONES DEL SEGURO POR DESEMPLEO.**

Las partes si lo desean, pueden estar representadas por abogados u otras personas que ellos seleccionen en la apelación a la Junta de Apelaciones (Appeal Board). Un abogado o un agente que esté registrado por la Junta de Apelaciones, puede cobrale honorarios por representarle. Estos honorarios deben ser aprobados por la Junta de Apelaciones antes que el pago pueda ser aceptado por dicho abogado o agente registrado. Ninguna otra persona podrá cobrar honorarios por representar al reclamante. Si usted no tiene suficiente dinero para contratar a un abogado o un agente registrado, puede conseguir uno gratis a través de la Sociedad de Asistencia Legal (Legal Aid Society) o el Programa de Servicios Legales (Legal Services Program).

**PARA APELAR LA DECISIPN**

1. Continúe siguiendo **todas** las instrucciones de la oficina del Seguro por Desempleo (Unemployment Insurance) donde usted presentó su reclamo originalmente y para certificar por los beneficios mientras permanezca desempleado y esté reclamando beneficios. Esto protegerá su derecho a recibir cualquier beneficio que reclame.

2. Antes de cumplirse veinte (20) días de la fecha que aparece al frente de esta decisión, envíe una carta a la oficina donde presentó originalmente su petición o al Appeal Board a P.O. Box 15126, Albany, New York 12212-5126, o envíe por fax su apelación al Appeal Board al (518) 402-6208. Por favor, explique que desea apelar y las razones que tiene para hacerlo. Incluya su número de caso ALJ (lo encontrará justo encima de su nombre al frente de este Aviso de Decisión) y envíe una copia de este Aviso de Decisión.

3. Los reclamantes **no** necesitan depositar dinero para poder apelar su caso.

**TODAS LAS PARTES RECIBIR"N UN AVISO DE RECIBO DE APELACIPN DIRECTAMENTE DE LA JUNTA DE APELACIONES DESPU1S DE QUE SU PETICION SEA RECIBIDA.**

AB 665 (02-06)

**FINDINGS OF FACT:** The claimant was employed as a part time sales associate by a retail store from November 18, 2012 until December 4, 2015. He worked 16 hours a week over 3-4 days. During his employment, the claimant asked and was granted permission from the general manager (J) to take off several Saturdays. On December 4, 2015, the claimant asked a manager (M) if it was alright to notate on the availability scheduling computer that he would no longer be available on Saturdays so he could exercise his visitation rights with his son. When she shrugged her shoulders, the claimant adjusted the scheduling computer accordingly. The employer discharged the claimant for refusing to make himself available to work on Saturdays.

**OPINION:** Pursuant to Labor Law § 593 (3), a claimant is disqualified from receiving benefits after having lost employment through misconduct in connection with that employment. Pursuant to Labor Law § 527, the wages paid in such employment cannot be used to establish a future claim for benefits.

The credible evidence establishes that the claimant was discharged for refusing to make himself available to work on Saturdays. While I recognize the employer's need to properly staff its business operation and its right to fire any employee they are dissatisfied with, not every technical violation of an employer rule rises to the level of misconduct for unemployment insurance purposes (See *Matter of James*; 34 NY2d 49). I credit the claimant's testimony that he was fired for putting in to take Saturdays off. I reject as unpersuasive, the employer's contention that the claimant's part time position required him to work at least one Saturday a month, in light of the assistant manager's (JH) admission that the general manager had authority to override that requirement. I note that the claimant's desire to exercise his visitation rights constitutes a reasonable and compelling family reason to be off under the unemployment insurance law. However, as the claimant found out, it does prevent an at will employer from terminating his employment. Under the totality of these circumstances, I find that the record was devoid of any indication that the claimant knowingly, intentionally or deliberately violated any employer rule or performed any act of disqualifying misconduct. Accordingly, the claimant separated from his employment under non-disqualifying conditions.

**DECISION:** The initial determination, disqualifying the claimant from receiving benefits effective December 4, 2015; on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by BEST BUY STORES LP prior to December 4, 2015, cannot be used toward the establishment of a claim for benefits, is overruled.

The claimant is allowed benefits with respect to the issues decided herein.

/s/ Steven Kittleman

**Administrative Law Judge**

A.L.J. Case No.116-00386        MICHAEL ROTONDO                    Page 4
                                 NOTICE OF DECISION

**CLAIMANTS**

**IF YOU DISAGREE WITH THIS DECISION, YOU HAVE A RIGHT TO APPEAL TO THE UNEMPLOYMENT INSURANCE APPEAL BOARD.**

Parties may be represented by lawyers or other persons of their choice on appeal to the Appeal Board. For representing a claimant, a lawyer or an agent registered by the Appeal Board may charge a fee. The fee must be approved by the Appeal Board before payment may be accepted by such lawyer or agent. No other person may charge a fee for representing a claimant. If you do not have enough money to hire a lawyer or registered agent, you may be able to get one free through your local Legal Aid Society or Legal Services Program.

**TO APPEAL A DECISION**

1.    Continue to follow **all** instructions from the Unemployment Insurance office where you originally filed your claim and to certify for benefits as long as you are unemployed and claiming benefits. This will protect your rights to any benefits you claim.

2.    Within twenty (20) days of the date printed on the face of this decision, mail a letter to the office where you originally filed your claim or to the Appeal Board at P.O. Box 15126, Albany, New York 12212-5126, or fax your appeal to the Appeal Board at (518) 402-6208. Please state that you wish to appeal and the reasons for your appeal. Include your ALJ Case Number (found just above your name on the face of the Notice of Decision) and a copy of the Notice of Decision.

3.    Claimants who appeal are **not** required to pay a deposit on filing an appeal.

**EMPLOYERS**

If you wish to appeal this decision, you may file a notice of appeal within twenty (20) days from the date printed on the face of this decision to the office where the claim was originally filed and which issued the initial determination, or to the Unemployment Insurance Appeal Board at P.O. Box 15126, Albany, New York 12212-5126, or you may fax your notice of appeal to the Appeal Board at (518) 402-6208. Such notice of appeal should include the A.L.J. Case Number (found on the face of this Notice of Decision), the reason(s) for the appeal and a copy of the Notice of Decision.

**ALL PARTIES WILL RECEIVE A NOTICE OF RECEIPT OF APPEAL DIRECTLY FROM THE APPEAL BOARD AFTER ANY APPEAL IS MADE.**

**INSTRUCCIONES A LOS RECLAMANTES**

**RECLAMANTES**

**SI NO EST" DE ACUERDO CON ESTA DECISIPN, USTED TIENE DERECHO DE APELARLA A LA JUNTA DE APELACIONES DEL SEGURO POR DESEMPLEO.**

Las partes si lo desean, pueden estar representadas por abogados u otras personas que ellos seleccionen en la apelación a la Junta de Apelaciones (Appeal Board). Un abogado o un agente que esté registrado por la Junta de Apelaciones, puede cobrarle honorarios por representarle. Estos honorarios deben ser aprobados por la Junta de Apelaciones antes que el pago pueda ser aceptado por dicho abogado o agente registrado. Ninguna otra persona podrá cobrar honorarios por representar al reclamante. Si usted no tiene suficiente dinero para contratar a un abogado o un agente registrado, puede conseguir uno gratis a través de la Sociedad de Asistencia Legal (Legal Aid Society) o el Programa de Servicios Legales (Legal Services Program).

**PARA APELAR LA DECISIPN**

1.    Contin‡e siguiendo **todas** las instrucciones de la oficina del Seguro por Desempleo (Unemployment Insurance) donde usted presentó su reclamo originalmente y para certificar por los beneficios mientras permanezca desempleado y esté reclamando beneficios. Esto protegerá su derecho a recibir cualquier beneficio que reclame.

2.    Antes de cumplir veinte (20) días de la fecha que aparece al frente de esta decisión, envíe una carta a la oficina donde presentó originalmente su petición o al Appeal Board a P.O. Box 15126, Albany, New York 12212-5126, o envíe por fax su apelación al Appeal Board al (518) 402-6208. Por favor, explique que desea apelar y las razones que tiene para hacerlo. Incluya su n‡mero de caso ALJ (lo encontrará justo encima de su nombre al frente de este Aviso de Decisión) y envíe una copia de este Aviso de Decisión.

3.    Los reclamantes **no** necesitan depositar dinero para poder apelar su caso.

**TODAS LAS PARTES RECIBIR"N UN AVISO DE RECIBO DE APELACIPN DIRECTAMENTE DE LA JUNTA DE APELACIONES DESPU1S DE QUE SU PETICION SEA RECIBIDA.**

AB 665 (02-06)

19

RICHARDSON - ROTONDO

1       Q    There were, okay.  Do you recall the

2  employee Samantha Precourt?

3       A    I know who she is.

4       Q    Do you remember her working for Best Buy?

5       A    Yes.

6       Q    What department did she work in?

7       A    Cell phones.

8       Q    What section of the cell phone department

9  did she work in?

10      A    Cell phones, MP3s, to my knowledge.  I

11 don't know if there was a separate section of Best Buy

12 mobile that I remember.

13      Q    What would be her duties -- her personal

14 duties in the mobile department?

15      A    If she worked in the mobile department,

16 to sell cell phones, accessories, the Black Tie

17 Protection.  I believe -- I don't remember if MP3s were

18 part of it at that point, I'm not sure, but if it was,

19 she'd be required to sell those as well.

20      Q    Do you have a recollection of her

21 activating cell phones in the mobile department?

22      A    I'm sure she did.  I never saw it or

23 remember it, but I'm sure if she was working in the Best

24 Buy mobile department, she would have activated a cell

25 phone.

RICHARDSON - ROTONDO

1   less, sever her ties with Best Buy?

2        A    No.

3        Q    Do you recall her being unable to fulfill

4   her shift on Black Friday and represent that to you?

5        A    I don't recall that, no.

6        Q    To your knowledge, was Samantha a parent?

7        A    To my knowledge, yes.

8        Q    To your knowledge, did Samantha have a

9   significant other that she raised her child with?

10       A    I don't know that.

11       Q    To your knowledge, did Samantha have a

12  significant other that she raised her child with?

13       A    I don't know.  I don't remember.

14       Q    Does that mean that, to your knowledge,

15  she did or did not have a significant other that she

16  raised her child with?

17                 MR. MURPHY:  Object to the question.

18                 That's the third time you asked that

19                 question.

20                 MR. ROTONDO:  He hasn't responded if

21                 he has knowledge to either side; he has

22                 that knowledge that he does, or he has no

23                 knowledge.

24                 MR. MURPHY:  Said he -- he said he

25                 doesn't remember.

RICHARDSON - ROTONDO

1          MR. ROTONDO:  So then he --

2          MR. MURPHY:  Doesn't remember.  So

3     then he doesn't remember.

4      A    I don't know if she had a boyfriend or

5 not who was helping her, I don't remember.

6          EXAMINATION BY MR. ROTONDO:

7      Q    You don't, okay.  Was Samantha treated

8 differently as an employee at Best Buy than any other

9 employees?

10     A    Not that I recall.  I don't remember, but

11 I don't recall.

12     Q    Okay.  You don't recall.  And correct me

13 if I'm wrong, but you don't recall that Samantha had a

14 significant other that helped her raise a child?

15     A    I don't -- I don't know what her personal

16 situation was outside of work, I don't know.

17     Q    So you don't recall that she did?

18     A    I don't know if she did or did not.  I

19 don't recall.  I don't know what her situation outside

20 of work was; I never hung out with her outside of work.

21 I only knew her at Best Buy.  I don't remember if she

22 did have a boyfriend or not, I don't remember.

23     Q    Do you have reason to believe that she

24 had a spouse or a significant other that helped her

25 raise her child?

# Availability Standards

- All Availabilities must meet or exceed one of the applicable models below and must be approved by the Manager responsible for the employee's department.
- A General Manager, in partnership with their District Manager and DHRM may require all employees in their store to meet more stringent Availability Standards.
- Any changes to an employee's availability must be approved by the Manager responsible for the employee's department. If the Manager does not approve the employee's availability change because the Manager believes that the change does not align with business requirements, the employee may ask that their request be reviewed by their General Manager and DHRM. If the General Manager and DHRM do not approve the employee's request, and the employee does not change their request to meet the Availability Standards, the employee will terminate 30 days after their request is denied.
- While we will not make exceptions to the Availability Standards, employees may request accommodations from their General Manager and DHRM. These requests will be approved or denied by these leaders.

## Supervisors (also includes all Sales Leads and Seniors)
- Two weekday closing shifts, two weekday opening shifts, and five of five weekend (Friday close, both shifts Saturday, and both shifts Sunday) shifts

## Full-time
- Two weekday closing shifts, two weekday opening shifts, and three of five weekend shifts (including atleast one Saturday shift and one Sunday shift)
- or, four closing shifts and all four Saturday and Sunday shifts

## Part-time and O/S
- Two weekday closing shifts and / or two weekday opening shifts, and three of five weekend shifts (including atleast one Saturday shift and one Sunday shift)
- or, all four Saturday and Sunday shifts
- or, four of five weekday opening shifts

- All part-time and O/S availabilities must be a minimum of four hours per shift (employees who are available longer per shift may be scheduled for more shifts)
- all full-time availabilities must be a minimum of seven hours per shift (unless the minimum shift for full-time is longer in your state; employees who are available longer per shift may be scheduled for more shifts)

Exhibit U



**BEST BUY**

# Performance Counseling Record
Managers must complete all areas thoroughly and legibly.
See Action Plan for action steps for performance counseling discussion

| | | |
|---|---|---|
| Employee Name: | Michael Rotondo | Employee Number: |
| Employee job Title: | Connections Sales Consultant | Location:  0538 |

---

Focus issue(s) of this documentation          (Check all that apply)

☐ Attendance                              ☐ Falsification of records                                              ☐ Inappropriate conduct
☒ Unacceptable performance*      ☐ Unauthorized removal/possession of Company property      ☐ Other:
☐ Violation of rule/policy              ☐ Destruction or misuse of Company property

---

Describe facts and circumstances of the above focus issue(s) including all relevant names, titles, event times/dates.  Describe employee actions in terms of observable behavior and outcomes.
On Saturday June 7, Michael offered the Best Buy card to a customer and told the customer that he would get 10% back in rewards on his My Best Buy account. This is an expired promotion, the current promotion is 6% back. We had to take unnecessary margin erosion at POS to mark down the difference between 6% and 10% of the sale to honner what Michael had told the customer.

---

How did employee describe situation, if different from above?

---

Recap previously documented incidents of similar nature (if applicable).

---

**Action Taken**

☒ Informal Discussion*      ☐ Final warning (with Action Plan, if appropriate)                                    ☐ Termination (must first contact HR Support Center at 1-866-MY-BBY-HR)
☐ Written Warning             ☐ Demotion (must first contact HR Support Center at 1-866-MY-BBY-HR)
*Employee signature not required

Describe expected change/improvement in employee's behavior/conduct in terms of specific performance objectives and observable behaviors.
Michael need to know all of the current promotions when he is out on the sales floor. It is his responsibility to know current financial offeres and store promotions. Michael also needs to start carrying the weekly sales flyer on his clip board so he and his customers are aware of current sales and promotions.
## Consequences

**Employee please read: Failure to improve performance or meet expectations as described above may result in further corrective action up to, and including, termination of employment. By signing below, I acknowledge that I have read and understand the contents of this document, which have been reviewed with me. (Your signature does not necessarily indicate agreement with event facts as represented above.)**

| | | |
|---|---|---|
| Employee Signature (note if refuses to sign): | | Date discussed with employee:  06/07/2014 |
| Manager/Supervisor Name:  Martin Brown | | Title:  Connections Manager |
| Manager/Supervisor Signature: | | Date:  06/07/2014 |
| Witness signature (if applicable): | | Date: |

☐  *Check here if an Action Plan is attached

*Exhibit V*



**BEST BUY.**

# Performance Counseling Record
**Managers must complete all areas thoroughly and legibly.**
See Action Plan for action steps for performance counseling discussion

| | | |
|---|---|---|
| Employee Name: | Michael Rotondo | Employee Number: |
| Employee job Title: | Wireless Sales Consultant | Location:  0538 |

---

**Focus issue(s) of this documentation**          (Check all that apply)

☐ Attendance
☒ Falsification of records
☐ Inappropriate conduct

☒ Unacceptable performance*
☐ Unauthorized removal/possession of Company property
☐ Other:

☐ Violation of rule/policy
☐ Destruction or misuse of Company property

---

**Describe facts and circumstances of the above focus issue(s) including all relevant names, titles, event times/dates.  Describe employee actions in terms of observable behavior and outcomes.**
On Tuesday, 6/24/14 Michael processed an iPhone 5s upgrade and traded in the customer's iPhone 4S for a trade in promo that got the customer $100 trade in for a good condition / working iPhone. Michael did not notice that there were scratches on the bottom of the phone and damage to the charging port until after he traded the customers phone in and upgraded him to the 5S. This is going to cause our store a loss on the P&L as we will be charged for trading in a damaged phone as good condition.

---

**How did employee describe situation, if different from above?**

---

**Recap previously documented incidents of similar nature (if applicable).**

---

**Action Taken**

☒ Informal Discussion*
☐ Final warning (with Action Plan, if appropriate)
☐ Termination (must first contact HR Support Center at 1-866-MY-BBY-HR)

☐ Written Warning
☐ Demotion (must first contact HR Support Center at 1-866-MY-BBY-HR)
*Employee signature not required

**Describe expected change/improvement in employee's behavior/conduct in terms of specific performance objectives and observable behaviors.**
Michael needs to follow the prompts in the trade in system and fully look over the phone prior to giving a customer a trade in quote or processing it.
## Consequences

**Employee please read:  Failure to improve performance or meet expectations as described above may result in further corrective action up to, and including, termination of employment.  By signing below, I acknowledge that I have read and understand the contents of this document, which have been reviewed with me.  (Your signature does not necessarily indicate agreement with event facts as represented above.)**

| | | |
|---|---|---|
| Employee Signature (note if refuses to sign): | Date discussed with employee:  6/24/14 |
| Manager/Supervisor Name:  Martin Brown | Title:  Connections Manager |
| Manager/Supervisor Signature: | Date:  6/24/14 |
| Witness signature (if applicable): | Date: |

☐ *Check here if an Action Plan is attached

*Exhibit W*



**BEST BUY™**

## Performance Counseling Record
Managers must complete all areas thoroughly and legibly.
See Action Plan for action steps for performance counseling discussion

| | | | |
|---|---|---|---|
| Employee Name: | Michael Rotondo | Employee Number: | 542953 |
| Employee Job Title: | Connections Sales Consultant | Location: | 538 |

---

Focus issue(s) of this documentation          (Check all that apply)

☐ Attendance  ☐ Falsification of records  ☐ Inappropriate conduct
☒ Unacceptable performance*  ☐ Unauthorized removal/possession of Company property  ☐ Other:
☐ Violation of rule/policy  ☐ Destruction or misuse of Company property

---

Describe facts and circumstances of the above focus issue(s) including all relevant names, titles, event times/dates.  Describe employee actions in terms of observable behavior and outcomes.

On Friday 7/3/15 Michael was running an activation for AT&T in BEAST. The customer required a $300 deposit to activate with AT&T. Michael told the customer to slide their credit card and they would not be charged anything until the activation was complete (This is not correct. The carrier charges the card at the point it is ran before allowing the activation to continue). Later in the activation the customer decided they did not want to continue the activation and asked Michael to cancel. Michael Canceled the activation prior to completing it as the customer requested. Customer noticed that their card had been charged the $300 already and was very upset about this.

Michael also failed to use a Customer Recommendation Worksheet at any point in the interaction. Customer also stated to me personally that Michael did not fill out any paperwork while she was working with them.

This has caused a very upset customer and potentiondly the loss of a customer for life. Not using a CRW also creates poor customer ineractions.

---

How did employee describe situation, if different from above?

Michael stated  that BEAST had a "pop up" that stated the customer would not be charged until the end. (This is not accurate, as soon as the card is run in BEAST for a deposit it shows that the customer was charged and gives a conformation number that is to be recorded on the CRW. Michael also stated that he filled out a CRW. There was not a visable CRW and the customer personally stated to me that NO paper work was filled out by Michael.

---

Recap previously documented incidents of similar nature (if applicable).

---

**Action Taken**

☒ Informal Discussion*  ☐ Final warning (with Action Plan, if appropriate)  ☐ Termination (must first contact HR Support Center at 1-866-MY-BBY-HR)
☐ Written Warning  ☐ Demotion (must first contact HR Support Center at 1-866-MY-BBY-HR)
*Employee signature not required

Describe expected change/improvement in employee's behavior/conduct in terms of specific performance objectives and observable behaviors.

Michael is to ensure that he is telling customers 100% accurate information. If Michael is not sure, he needs to look up the correct information, or ask for help from a peer or leadership.

Michael is aware that he is to use Customer Recommendation Worksheets in EVERY core product customer interaction. The CRW is to be introduced at the beginning of the interaction and used through out interaction. Michael is to hand the filled out CRW to the customer at the end of the interaction wether they make a purchase or not.

## Consequences

Employee please read:  Failure to improve performance or meet expectations as described above may result in further corrective action up to, and including, termination of employment.  By signing below, I acknowledge that I have read and understand the contents of this document, which have been reviewed with me.  (Your signature does not necessarily indicate agreement with event facts as represented above.)

| | | | |
|---|---|---|---|
| Employee Signature (note if refuses to sign): | | Date discussed with employee: | 7-3-15 |
| Manager/Supervisor Name: | Martin Brown | Title: | Connections Manager |
| Manager/Supervisor Signature: | | Date: | 7-3-15 |
| Witness signature (if applicable): | | Date: | |